T. C. DINGLE, ET AL *v.* CITY OF EUREKA SPRINGS ET AL

5-4190                                    413 S. W. 2d 641

Opinion delivered April 17, 1967

*M. D. Anglin.* for appellant.

*James E. Coate,* for appellee.

CONLEY BYRD, Justice. Appellants, T. C. Dingle, et al., instituted this action in the Chancery Court of Carroll County, Arkansas, to compel the city of Eureka Springs, by and through its duly elected officials, to hold a special election for the purpose of changing its city commission form of government to a mayor and alderman form. Appellants, in filing with the city clerk their petition containing 211 signatures, were proceeding under Act 497 of 1965 (Ark. Stat. Ann. §§ 19-110-111 Supp.. 1965]). The city clerk rejected the petition and this mandamus action followed.

The trial court agreed with the position taken by the city that the petition was an initiative petition under Amendment 7 to the Constitution of the State of Arkansas, and dismissed the action for mandamus upon a demurrer because the petition had not been filed with the city clerk more than 60 days before the November general election.

In *Knowlton* v. *Walton,* 189 Ark. 901, 75 S. W. 2d 811 (1934), we held that such a procedure as petitioners are here following was wholly independent of the Initia-

tive and Referendum Amendment to the Constitution, and that the election called for under the act there involved was not controlled by the election provisions of Amendment 7. Therefore we hold that the chancellor was in error in interpreting Act 497 as being a proceeding under the Initiative and Referendum Amendment. There is nothing in the Initiative and Referendum Amendment limiting the power of the legislature to pass, an act authorizing a city to change its form of government at a special election to be called by its mayor on the petition of a certain number of voters therein.

In view of our decision on April 3, 1967, in *Catlett* v. *Republican Party*, 242 Ark. 283, 413 S. W. 2d 651, it would also appear that the chancery court had no jurisdiction of this cause of action and that, upon remand hereof, same should be transferred to the circuit court. Of course, our holding in the Catlett case does not affect the jurisdiction given to chancery courts under the Initiative and Referendum Amendment having to do with the sufficiency of local petitions filed with the county clerk or city clerk, as the case may be.

For the reasons herein set forth, this cause is reversed and remanded.