## AMERICAN PARTY of ARKANSAS *v.*
### Phyllis Dillaha BRANDON

5-6159                                              484 S.W. 2d 881

### Opinion delivered September 27, 1972

*Art Givens* and *Vincent Skillman,* for appellant.

*Thomas Glaze,* for appellee.

### PER CURIAM

Appellee, a citizen, resident and taxpayer of Pulaski County, Arkansas, and a member of the Pulaski County Board of Election Commissioners, brought an action against Kelly Bryant, Secretary of State, praying that he be commanded to omit the names of any nominees and presidential electors of appellant from his certification of candidates to the respective county boards of election commissioners. Appellee alleged that petitions filed to qualify the

party as a "political party" under Ark. Stat. Ann. § 3-101 (a) (Supp. 1971), being Article 1, Section 1 of Act 465 of 1969, as amended by Section 1 of Act 261 of 1971, were not timely filed and that after the Secretary of State had found them insufficient he had granted appellant an unauthorized 30 days' extension for the filing of additional petitions to meet the statutory requirements of Ark. Stat. Ann. § 3-101 (a).

The Secretary of State filed a special demurrer on the ground that the circuit court lacked jurisdiction of the subject matter, because the jurisdiction for review of the sufficiency of such petitions was vested in the Supreme Court under Amendment 7 to the Arkansas Constitution. Appellant was permitted to intervene in this action, but filed no written pleading until after the judgment was rendered. The circuit judge's memorandum opinion, the judgment and appellant's brief all recite that appellant joined in the demurrer to the jurisdiction. The demurrer was overruled and the relief sought by appellant was granted by the circuit court. Appellant filed an answer after the entry of the judgment, but subsequently filed notice of this appeal, and, when appellee's motion to dismiss the appeal as premature was presented here, stated that the pleadings filed subsequent to the judgment were waived. In stating the case in its brief filed here, appellant recited that the circuit court, before entering its judgment, stated that it must take all allegations of the complaint as confessed, because the intervenor and defendant had elected to stand upon their demurrer and that appellant appeals from the overruling of the demurrer. Of course, such an appeal would be premature if intervenor had not elected to stand upon the demurrer. *State ex rel Arkansas Publicity and Parks Commission* v. *Woodward,* 228 Ark. 856, 310 S.W. 2d 803; *Radford* v. *Samstag,* 113 Ark. 185, 167 S.W. 491; see also,*Arkansas State Board of Architects* v. *Larsen,* 226 Ark. 536, 291 S.W. 2d 269; *Allred* v. *National Old Line Ins. Co.,* 245 Ark. 893, 435 S.W. 2d 104.

Appellant relies upon and argues only two points for reversal, both of which relate only to the jurisdictional question raised by the demurrer in the trial court. It asserts that exclusive original jurisdiction of all cases testing

the sufficiency of state-wide petitions is vested in this court, either by Amendment 7 itself or by Act 465 of 1969 as amended by Act 261 of 1971. No other question is presented by appellant.

We agree with the circuit court. Amendment No. 7 does not purport to vest any original jurisdiction in this court in any proceeding relating to anything except initiated legislation that would have state-wide effect or reference of Acts of the General Assembly to the voters of the state. The application of the amendment is limited to those measures. See *Dingle* v. *City of Eureka Springs,* 242 Ark. 382, 413 S.W. 2d 641; *Armstrong* v. *Sturch,* 235 Ark. 571, 361 S.W. 2d 77; *Townes* v. *McCollum,* 221 Ark. 920, 256 S.W. 2d 716; *Scroggins* v. *Kerr,* 217 Ark. 137, 228 S.W. 2d 995.

Appellant then argues that the sentence "The sufficiency of any petition filed under the provisions hereof may be challenged in the same manner as provided for by law for the challenge of Initiative and Referendum petitions," contained in Article 1, Section 5(c) of Act 465 of 1969, as amended by Section 3 of Act 261 of 1971 [Ark. Stat. Ann. § 3-105(c) (Supp. 1971)] vests exclusive original jurisdiction in this court. That section related to the filing of petitions to place the name of independent candidates on the ballot. Even if we should construe that sentence to apply to any and all petitions filed under the election code [Ark. Stat. Ann. § 3-101—3-1306 (Supp. 1971)] rather than to those specifically mentioned in the section of which it is a part, we could not sustain appellant's position. This court has no original jurisdiction except that expressly conferred by the constitution and that jurisdiction cannot be enlarged by the legislature. Article 7, Section 4, Article 7, Section 11, Constitution of Arkansas; *Ex parte Levy,* 204 Ark. 657, 163 S.W. 2d 529; *Ft. Smith Light & Traction Co.* v. *Bourland,* 160 Ark. 1, 254 S.W. 481; *Harding* v. *State,* 94 Ark. 65, 126 S.W. 90; *Jones, Ex parte,* 2 Ark. 93; see also, *Berry* v. *Hall,* 232 Ark. 648, 339 S.W. 2d 433.

Inasmuch as the circuit court had jurisdiction of the action brought by appellee and appellant stood upon its demurrer, we must affirm the judgment.

BYRD, J., dissents.

126

CONLEY BYRD, Justice, dissenting. During the 1970 election the American Independent Party received only 6.7% of the votes case. The 1971 Legislature provided Ark. Stat. Ann. § 3-101 (a) that a "Political Party shall mean any group of voters which, at the last preceding general election polled for its candidate for Governor or nominees for Presidential Electors at least seven per cent (7%) of the entire vote cast for such office. . ." The same Legislature provided that the petitions had to be filed 30 days prior to the date established for the filing of party pledges and political practice pledges. At that time the time for filing would have been 30 days prior to 3rd Tuesday in June. At a Special Session of the Legislature the date for filing corrupt practice pledges was changed to April 4th so that the time on February 14th was shortened to March 4th for the American Independent Party to qualify if the 7% Act applied. If it be construed as being retroactive to the 1970 General Election then the Act becomes subject to attack under *Williams* v. *Rhodes*, 393 U.S. 23 (1968), and *Jenness* v. *Fortson*, 403 U.S. 431 (1971).[1] Thus while I agree that the Supreme Court did not have exclusive original jurisdiction and that the Secretary of State could not extend the time for filing petitions, to me the judgment enjoining the names of the American Independent Party's presidential electors from appearing on the ballot is wrong. Legislative Acts are ordinarily construed as being prospective in which case the "last preceding General Election" would refer to the Last General Election following the adoption of the Act. Furthermore the last preceding General Election can be as logically construed as referring to the last preceding General Election for Presidential Electors as referring to the last preceding election for Governor. Under either construction of the Act in question, the American Independent Party would be a qualified party.

For the reasons stated, I respectfully dissent.

[1]Our provision for a "write-in" vote, Ark. Stat. Ann. § 3-717 is so restrictive that it is almost impractical for a voter to properly cast such a vote. That the 1971 Act discriminates in favor of the established parties and against the formation of new parties or dissident groups is demonstrable by the fact that Ark. Stat. Ann. § 3-717 requires an elector wishing to vote for a write-in candidate to write the candidate's name exactly as it appears on his voter registration while Ark. Stats. § 3-114 (c) permits party nominees to use nicknames or "handles" (prefixes such as Judge, Senator, etc.)