Robert HANSON *v.* GARLAND COUNTY ELECTION
COMMISSION, Dan McCRAW, Ed FRENCH and
Natalie J. KILMER

86-134                                    712 S.W.2d 288

Supreme Court of Arkansas
Opinion delivered June 30, 1986

*Hurst Law Offices*, by: *Q. Byrum Hurst, Jr.*; and *R. David Lewis*, for appellee.

*Wood, Smith, Schnipper & Clay*, by: *Ray S. Smith, Jr.* and *James W. Chesnutt*, for appellee.

STEELE HAYS, Justice. On April 8, 1986 the people of Hot Springs voted in a special election to change their government to the city manager form pursuant to Act 99 of 1921. The vote was 4,018 for to 2,663 against. The Garland County Election Commission certified the election results to the mayor on April 23 and he issued a proclamation calling for a special election on June 17 to elect four city directors.

On May 22, within the time allowed under Ark. Stat. Ann. § 19-111 (Repl. 1980) to contest an election (thirty days), appellant Robert Hanson brought this suit for declaratory judgment and injunctive relief in the Circuit Court of Garland County. The respondents are members of the election commission. The complaint alleged the proposed change in city government was an initiated procedure and therefore subject to the provisions of Amendment VII of the Arkansas Constitution. The complaint further stated because the amendment requires initiated proposals to be submitted to the electorate at general, rather than special elections, the April 8 election was in violation of Amendment VII and should be held void.

As an advanced case, trial was set for June 6 and on that date, 44 days after certification of the election, Hanson filed an amendment to his complaint alleging the issue had been submitted to the voters under an improper ballot title. The respondents immediately objected to this attempt to amend the complaint after the time allowed by § 19-111. The circuit court held that while the ballot title was not properly presented to the electorate, that issue was not raised within the time allowed under § 19-111. The court also held the only timely issue presented was whether a petition for a city manager form of government was an initiated proposal and subject to Amendment VII. Relying on *Dingle* v. *City of Eureka Springs*, 242 Ark. 382, 413 S.W.2d 641 (1967) and *Knowlton* v. *Walton*, 189 Ark. 901, 75 S.W.2d 811 (1934), the trial judge held in favor of the respondents and dismissed the complaint.

Appellant's brief before this court asserts only one issue is presented for decision—whether or not the trial court was correct in holding the amendment to the complaint was filed out of time. That holding was correct.

Ark. Stat. Ann. § 19-111 provides in part:

The election thereupon shall be conducted, the votes canvassed, and the results declared in the same manner as is provided by law with respect to other city elections. The county board of election commissioners shall certify the results of any such election to the mayor, and the result so certified shall be conclusive and not subject to attack unless suit is brought to contest such certification within thirty

(30) days after such certification in the Circuit Court of the county in which such municipality is situated.

In *Jones* v. *Ethridge*, 242 Ark. 907, 416 S.W.2d 306 (1967) and *Cain* v. *McGregor*, 182 Ark. 633, 32 S.W.2d 319 (1930) we held that new grounds of contesting an election may not be raised by amendment after the statutory period has expired.

Appellant urges that this case is distinguishable in that in those cases no cause of action was stated in the original complaint contesting an election, and we held in that situation the complaint may not be amended out of time. Appellant argues the cases do not hold that a legitimate cause of action may not be later amended to raise a legitimate legal issue. We disagree. The obvious purpose behind the requirement in our election statutes for a timely challenge to election results is so the elective process will not be unduly delayed, hence the issues must be promptly raised and promptly decided. We have said the right to contest a primary election is a statutory proceeding, the purpose of which is to furnish a summary remedy and to secure a speedy trial. And the contestant is limited to the grounds set out in his original complaint, and those grounds cannot be enlarged by subsequent amendment not made within the time required by the statute for contesting. *Gower* v. *Johnson*, 173 Ark. 120, 292 S.W. 382 (1927); *Bland* v. *Benton*, 171 Ark. 805, 286 S.W. 976 (1926). If one could defeat the time limitation simply by filing a timely cause of action and then amending it at his leisure the purpose of the statute would be plainly defeated.

Appellant argues that ARCP Rule 15(c) provides that an amendment arising out of the conduct, transaction or occurrence set forth in the original pleading relates back to the date of such pleading. But we believe election contests are subject to ARCP Rule 81, which excepts from the applicability of the rules "those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply." See *Travelodge International Inc.* v. *Handleman National Book Company*, 288 Ark. 368, 705 S.W.2d 440 (1986).

Affirmed.

370

PURTLE, J., and NEWBERN, J., dissenting.

JOHN I. PURTLE, Justice, dissenting. On April 8, 1986, the people of the City of Hot Springs, Arkansas, lost their representative form of government. The shame of it is the manner in which the people lost or surrendered their rights. Sometime prior to the election date a few people got together and decided how to change the form of government with the approval of the voters. Thus, they devised a proposal which appeared on the voting machines as follows:

FOR the proposition

[   ]

AGAINST the proposition

[   ]

The paper ballots read as follows:

FOR the proposition to organize this City under Act 99 of the General Assembly of 1921, as amended.      [   ]

AGAINST the proposition to organize this City under Act 99 of the General Assembly of 1921, as amended. [   ]

Following the above cited options, there appeared in very small print a "PROCLAMATION OF SPECIAL ELECTION." It would take a fairly intelligent person several minutes to read the extremely complicated fine print contained in the proclamation. Probably not a single person read the proclamation at the time of voting. It is impossible to know what "proposition" a voter was voting FOR or AGAINST, at least on the voting machines. On the paper ballot, it is likewise impossible for a voter to understand what he was voting FOR or AGAINST unless the voter already knew what it meant to organize the City under Act 99 of the General Assembly of 1921, as amended.

Whether this was a clever maneuver on the part of the sponsors of the City Manager form of government or simply an oversight, is immaterial because the result is the same; no ordinary voter could possibly have understood what was presented unless they had gained knowledge from another source. The trial court was absolutely correct in finding that the ballot proposition was improperly presented inasmuch as it was not in

substantial compliance with Ark. Stat. Ann. § 19-111 (Repl. 1980). However, I think the trial court erred in ruling that the amendment to the complaint was not filed within 30 days of the certification of the election and therefore could not be properly considered.

The majority opinion fails to recognize the purpose of ARCP Rule 15, which in part states:

> (a) Amendments. With the exception of pleading the defenses mentioned in Rule 12(h)(1), a party may amend his pleadings at any time without leave of the court. Where, however, upon motion of an opposing party, the court determines that prejudice would result or the disposition of the cause would be unduly delayed because of the filing of an amendment, the court may strike such amended pleading or grant a continuance of the proceeding. A party shall plead in response to the original pleading or within 20 days after service of the amended pleading, whichever period is longer, unless the court otherwise orders.
>
> . . . .
>
> (c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading, the amendment relates back to the date of the original pleading. . . .

The obvious purpose in adopting Rule 15 was to allow amendments to pleadings without special permission of the court in nearly all instances. The court's discretion is very limited and the pleader is given a rather loose rein.

The majority fails to give effect to the express provisions of Rule 15(a) and Rule 15(c) by stating that Rule 81 is an exception to Rule 15. Rule 81(a) states:

> These rules shall apply to all civil proceedings cognizable in the circuit, chancery, and probate courts of this State except in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so

specified shall apply.

This court has dealt with the relation back of amendments under Rule 15 in the case of *Jim Halsey Co.* v. *Bonar*, 284 Ark. 461, 683 S.W.2d 898 (1985). In *Bonar* we stated:

> Rule 15 not only makes liberal provision for amendments to pleadings, it also states that any claim asserted in the amended pleading, which arises "out of the conduct, transaction or occurrence set forth in the original pleading, . . . relates back to the date of the original pleading." Rule 15(c).

> Since the amendment relates back, there can be no statute of limitations objection to the amendment without proof of undue delay or prejudice. *See, Brill, supra; Ozark Kenworth, Inc.* v. *Neidecker*, 283 Ark. 196, 672 S.W.2d 899 (1984). No such proof was offered here.

In the case before us there was no request for a continuance nor a showing of undue delay or prejudice. There can be absolutely no question in the mind of any reasonable person that every allegation contained in the complaint and the amendment arose out of the same conduct, the April 8, 1986, voting incident. I don't think this court has the right to pick and choose which Rule it wishes to apply in cases being considered by it. It is my opinion that the appellants had the right to amend the complaint in order to have the real issue adjudicated.

Any change in any form of government is a serious matter and should be undertaken only after careful consideration. If the people of Hot Springs want to change their form of government and knowingly vote to do so, then I have no objection to their doing so. However, under the guise of being "FOR" or "AGAINST" most people prefer to be "FOR." The very least that can be expected is that they know what they are voting "FOR."

I would have prohibited the election.

I am authorized to state that Justice Newbern joins in this dissent.