Harold CLARK, d/b/a Harold Clark & Son
*v.* MICHAEL MOTOR COMPANY, Inc.

95-627 910 S.W.2d 697

Supreme Court of Arkansas
Opinion delivered December 4, 1995

*John D. Garnett*, for appellant.

*Bridges, Young, Matthews & Drake PLC*, for appellee.

BRADLEY D. JESSON, Chief Justice. Appellant Harold Clark appeals from an entry of default judgment and sanctions against him under Arkansas Civil Procedure Rule 37 for failure to respond to a court order to submit discovery requests. The trial court entered judgment against Clark for the amount prayed for in appellee Michael Motor Company, Inc.'s amended replevin complaint for conversion of an automobile, which included $1547.34 for the value of the car, $3200.00 in punitive damages, and $149.61 in costs. The trial court also imposed $896.40 in sanctions against Clark and his attorney, John D. Garnett. On appeal, Clark asserts that the trial court erred in awarding damages in a summary manner without a hearing as to damages. We affirm the entry of the default judgment and the sanctions imposed for discovery violations, but reverse and remand as to the damages awarded for conversion.

This case involves a lengthy dispute over a 1983 Oldsmobile Delta Royale. In 1991, separate defendant Robert Brown purchased the car from appellee Michael Motor Company, Inc. ("Michael Motors"), which retained a purchase money security interest in the vehicle. Brown took the car to appellant Harold Clark, d/b/a Harold Clark & Son, an auto repair shop, for repair and storage. Brown defaulted, and in late 1992, Michael Motors filed a replevin complaint against Brown and Clark. Clark answered that the car was a total loss, and that his storage lien was superior and exceeded the salvage value of the vehicle. Michael Motors amended its complaint to allege that Clark had committed conversion, and prayed for $1547.34 in damages for the value of the car as converted, and $3200.00 in punitive damages.

A summary of the relevant pleadings is as follows. On March 26, 1993, Michael Motors propounded interrogatories and a request for admissions to Clark. On June 23, 1993, the trial court permitted counsel for Clark to disqualify, and ordered Clark to obtain substitute counsel and answer the interrogatories and

request for admissions within 20 days. On July 2, 1993, Clark filed a motion to substitute attorney John D. Garnett as counsel. While the record indicates that Clark filed responses to the interrogatories and request for admissions on August 6, 1993, no certificate of service is attached to either pleading. Subsequently, on September 21, 1993, the trial court entered an order for partial summary judgment against Clark on the issue of liability, while reserving the issue of the amount of damages and punitive damages. Following a January 28, 1994, hearing on Michael Motors's motion to compel Clark to answer its interrogatories, the trial court entered an order *nunc pro tunc* on February 15, 1994, directing that Clark had seven days from the hearing in which to supplement, without sanctions, his response to interrogatories. Approximately one year later, on February 14, 1995, the trial court entered a default judgment against Clark, and assessed sanctions "for the $4774.34[1] prayed for in the First Amended Complaint," $149.61 in costs, and $896.40 in sanctions against Clark and his attorney. Clark appeals from the order granting default judgment.

 Under Ark. R. Civ. P. 8(d), averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied. *See also Rice v. Kroeck*, 2 Ark. App. 223, 619 S.W.2d 691 (1981). It is the law in Arkansas that a default judgment establishes liability, but not the amount of damages. *Divelbliss* v. *Suchor*, 311 Ark. 8, 841 S.W.2d 600 (1992). A defaulting defendant is entitled to a hearing to determine the amount of damages, and the plaintiff is required to introduce evidence of the damages. *Id.; B & F Engineering* v. *Controneo*, 309 Ark. 175, 830 S.W.2d 835 (1992). The defendant has the right to cross-examine the plaintiff's witnesses, to introduce evidence in mitigation of damages, and to question on appeal the sufficiency of the evidence to support the amount of damages awarded. *B & F Engineering* v. *Controneo, supra.*

 Michael Motors asserts that the trial court's award was proper under Ark. R. Civ. P. 37. The rule provides that, after a trial court issues an order to compel an answer to an interrogatory, and the party still fails to comply with the trial court's

---

[1]The amount sought in the amended complaint was actually $4747.34.

order, the trial court may enter a sanction against the offending party by, among other things, "rendering a default judgment against the disobedient party." Ark. R. Civ. P. 37(b)(2)(C).

Michael Motors further relies on our decision in *Goodwin* v. *Harrison*, 300 Ark. 474, 780 S.W.2d 518 (1989). Contrary to its assertion, *Goodwin* is not on point. In that case, Goodwin sued an obstetrician and gynecologist for medical malpractice, claiming that he had negligently prescribed birth control pills to her, and that he had failed to diagnose that the pills caused her to suffer a blood clot. The case went to trial and resulted in a jury verdict for the physician. On appeal, we rejected Goodwin's argument that the trial court erred in refusing to impose monetary sanctions against the physician's attorneys, while holding that the limited sanctions awarded against the attorneys for the failure to make discovery were proper under Rule 37. *Goodwin* did not involve the use of Rule 37(b)(2)(C) to impose damages in the amount prayed for in the complaint, as there was a verdict for the defendant in the case.

Simply put, the trial court was wrong to award damages for the value of the car and punitive damages for conversion under Ark. R. Civ. P. 37 without hearing evidence as to such damages. In *Sphere Drake Ins. Co.* v. *Bank of Wilson*, 307 Ark. 422, 817 S.W.2d 870 (1991), we held that there was no authority under Rule 37(b)(2)(C) for sanctions in the amount of damages prayed for when the damages are unliquidated. In that case, a bank filed suit against an insurance company after it refused to pay the loss on a building that had burned. The bank, which had a secured interest in the building, sought $31,724.47 in damages, including the amount of the debt, a 12 percent penalty, attorney's fees, and costs. The bank propounded interrogatories to the insurance company. After the bank filed a motion to compel, the trial court gave the insurance company a direct order telling it when to answer. The insurance company filed its answer late, and the trial court entered an order of default judgment as to liability, and assessed damages in the amount of damages prayed for in the amended complaint. The bank appealed. We affirmed the granting of default judgment as to liability, but reversed as to damages, rejecting the bank's position that the amount awarded was a sanction imposed on the insurance company for its failure to respond to the interrogatories.

Based on our holding in *Sphere Drake*, we must conclude that the trial court erred in awarding judgment pursuant to Rule 37(b)(2)(C) for the amount of damages prayed for in Michael Motors's complaint, as the damages were unliquidated. Thus, while we affirm the $896.40 in sanctions imposed against Clark and his attorney, John D. Garnett, we reverse the judgment as to the $4923.95 awarded for conversion, and remand for a hearing as to damages.

Affirmed in part; reversed and remanded in part.

DUDLEY, J., not participating.