Freddy THARP *v.* Velma SMITH

96-451                                              930 S.W.2d 350

Supreme Court of Arkansas
Opinion delivered October 14, 1996

*Johnson & Keith*, by: *Paul W. Keith*, for appellant.

DONALD L. CORBIN, Justice. Appellant, Freddy Tharp, appeals the order of the Ashley County Circuit Court refusing to set aside a default judgment that awarded damages of $4,723.00 plus costs and interest to Appellee, Velma Smith, on her complaint for damages for repairs she made to Appellant's real property in contemplation of purchasing the property pursuant to an oral contract. Appellant presents two arguments for reversal. First, he contends the trial court should have set aside the default judgment to prevent a miscarriage of justice. Second, he contends there was no evidence

to support the award of damages. Appellant's first argument requires our interpretation of ARCP Rule 55, specifically Rule 55(c)(4). Thus, our jurisdiction of this appeal is pursuant to Ark. Sup. Ct. R. 1-2(a)(3). We find no merit to Appellant's first argument, but do find merit to his second argument and therefore affirm the default judgment as to liability but reverse and remand for a hearing to determine the amount of damages.

Appellee filed a complaint on June 9, 1995, alleging that Appellant orally agreed to sell her a house he owned at 500 North Carolina Street in Crossett, Arkansas, for $4,723.00, provided that she would repair the house, which was not in habitable condition. According to the complaint, Appellee completed the repairs in good faith and tendered a check for $4,723.00 to Appellant, who then refused the check, refused to reimburse her for the repairs, and instead initiated eviction proceedings against her. The complaint listed itemized repairs in the total amount of $2,438.00 and prayed for damages for that sum "AND LABOR AND PUNITIVE DAMAGES IN THE SUM OF $2,562.00, PLUS ALL COSTS AND REPRESENTATIVE OF $300. WITH 8% INTEREST PER ANNUM FROM THE DATE OF JUDGMENT AND ALL OTHER PROPER RELIEF." The Ashley County sheriff served Appellant with a summons on June 20, 1995. Appellant did not answer the complaint or make an appearance in this case until he filed a motion to set aside the default judgment.

The record does not indicate that Appellee ever moved for a default judgment or that a hearing was ever held. However, the trial court entered a default judgment for Appellee on September 5, 1995, finding that Appellant was served with a copy of the complaint and summons but had failed to appear.

Appellee's counsel then filed a writ of execution and a writ of garnishment naming First State Bank of Crossett as garnishee. Garnishee answered and admitted being indebted to Appellant in excess of $5,301.13. The trial court entered an order on October 4, 1995, ordering the release of funds from Garnishee in the amount of $5,301.13.

On October 13, 1995, Appellant filed a single motion captioned "MOTION TO SET ASIDE JUDGMENT AND MOTION TO QUASH WRIT OF GARNISHMENT." The trial court set a hearing on this motion and temporarily restrained Ap-

pellee and her counsel from disbursing the funds released by Garnishee until the hearing could be held. The trial court allowed Garnishee to intervene in the case. At the hearing on the motion to set aside judgment, the trial court received evidence from both Appellant and Appellee. The trial court entered an order denying Appellant's motion. This appeal followed. Appellee did not file a brief in this appeal.

Appellant's first point on appeal is that the trial court erred in refusing to set aside the default judgment *in toto*. He contends that he was justified in failing to answer the complaint, that the trial court did not consider the proper factors in making its decision, and that a miscarriage of justice will result if he is not allowed to present a defense. Appellant's second point for reversal is that the trial court erred in failing to set aside the default judgment as to damages because there is no evidence of the amount of the damages. The standard by which we review the granting or denial of a motion to set aside a default judgment is whether the trial court abused its discretion. *B & F Eng'g, Inc.* v. *Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992).

It is well established that in Arkansas a default judgment establishes liability but not the extent of damages. *See, e.g., Byrd* v. *Dark*, 322 Ark. 640, 911 S.W.2d 572 (1995); *see also Rice* v. *Kroeck*, 2 Ark. App. 223, 619 S.W.2d 691 (1981) (giving historical basis for this rule of law). This rule of law is reflected in part in ARCP Rule 8(d), which provides in part: "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied, either generally or specifically, in the responsive pleading." Thus, proof must be presented as to the amount of damages. The only exception to the proof requirement is in a suit on an account where a verified statement of the account is filed with the complaint. Ark. Code Ann. § 16-45-104 (1987). Even assuming *arguendo* that this is a suit on account, there is no verified statement of the account in this case. Appellee's complaint is not even verified; it was merely signed by a paralegal identified only as "jln" and by Appellee *pro se. See McWater* v. *Ebone*, 234 Ark. 203, 350 S.W.2d 905 (1961) (discussing definition of "account" and requirement of verification).

A hearing is required to determine the amount of damages, and the plaintiff is required to introduce evidence of the damages. *Cotroneo*, 309 Ark. 175, 830 S.W.2d 835. In Arkansas,

Rule 55(b) does not require that notice of the hearing be given to a defaulting defendant *who has not appeared. Divelbliss* v. *Suchor,* 311 Ark. 8, 841 S.W.2d 600 (1992). A defendant has the right to cross-examine the plaintiff's witnesses, to introduce evidence in mitigation of damages, and to challenge the sufficiency of the evidence on appeal. *Clark* v. *Michael Motor Co.,* 322 Ark. 570, 910 S.W.2d 697 (1995). However, after having received evidence, the trial court may not transform the judgment from one of default to one based on the merits such that ARCP Rule 55 no longer applies. *Harold M.* v. *Clark,* 316 Ark. 439, 872 S.W.2d 410 (1994).

Appellant argues that he was justified in not answering the complaint. However, at the hearing on the motion to set aside, the trial court stated that it did not find any reason for setting aside the default judgment. We find no abuse of discretion in this ruling as it applies to the judgment of liability.

■ Appellant testified at the hearing on the motion to set aside that he never received service of the complaint and that he had been out of town, but admitted that "somebody come [sic] up and found it on the floor there." This testimony is in direct conflict with the summons, which clearly states that service was made on Appellant. Appellant explained that he thought this matter was being attended to by the attorney he had hired to handle the eviction proceeding in municipal court, although that proceeding was not filed until after service was made on Appellant and although Appellant did not even notify that attorney of the writ of garnishment that Appellant admitted he received. The trial court stated that the record was clear that Appellant was served with summons by the sheriff and that Appellant chose to deal with the dispute between himself and Appellee by pursuing the eviction proceeding in municipal court. On this record, we cannot say the trial court abused its discretion in finding that there was no excuse for Appellant's default or that the trial court failed to apply the relevant consideration of Rule 55(c).

■ Appellant cites Rule 55(c)(4) and argues that a miscarriage of justice will result if he is not allowed to present a defense and that such miscarriage of justice constitutes "any other reason justifying relief from the operation of the judgment." This is nothing more than a back-door attempt to satisfy Rule 55(c), which requires, in effect, two steps to having a default judgment set aside. First, a defaulting defendant must show one of the four enumerated

categories of reasons to have the judgment set aside. Second, if the reason is any other than that the judgment is void, a defaulting defendant must then demonstrate a meritorious defense to the action. Here, appellant argues that the "reason" to set aside the judgment is because he has a meritorious defense and a miscarriage of justice will result if he is not allowed to present it. This argument clearly circumvents the dual requirements of Rule 55(c). Moreover, it ignores the cogent fact that the reason Appellant was not allowed to present a defense in the first place is because of his own unexcusable default.

Because Appellant did not file an answer or otherwise appear in this case, Appellee was entitled to the default as to liability without further notice. However, Appellee was not relieved of the requirement of proving the amount of her damages. There is nothing in the record to indicate that the trial court heard evidence as to the amount of the damages. In fact, there is every indication to the contrary. At the hearing on the motion to set aside the default judgment, Appellee testified that she did not testify as to the amount of her damages at the time the default judgment was entered, and the trial court stated that he did not recall whether proof was presented or not. Moreover, the default judgment itself does not recite that it was based on any evidence being presented, and we will not presume otherwise. *See Rice,* 2 Ark. App. at 227, 619 S.W.2d at 693 (quoting *Dent* v. *Adkisson,* 184 Ark. 869, 874, 43 S.W.2d 739, 741 (1931)).

As recited above, our law is clear that a plaintiff must prove his damages against a defaulting defendant. We note that, at the hearing on the motion to set aside the default judgment, the trial court did receive testimony from Appellee as to what repairs she had made to the house; however, her testimony included only a relative few specific dollar figures and the remainder of her testimony was so vague it does not support the amount awarded by the trial court. We note further that the amount the trial court awarded is the amount Appellee stated Appellant paid for the house at auction; Appellant, however, contradicted this with testimony that he paid $13,000 for the house pursuant to a negotiated sale. In any event, even if the trial court had decided to set aside or adjust the damages at that point, it could not have done so. We have stated that Rule 55(c) does not authorize a trial court to vacate a judgment for damages while the judgment on liability stands. *Byrd,* 322

Ark. 640, 911 S.W.2d 572.

In summary, we conclude the trial court did not abuse its discretion in refusing to vacate the default judgment as to liability. However, the trial court should not have entered judgment as to damages without conducting a hearing where Appellee should have been required to prove the amount of her damages and where Appellant should have been allowed the opportunity to cross-examine her witnesses and to offer his own evidence of mitigation. Accordingly, we affirm the judgment in part and reverse and remand in part.