STATE of Arkansas *v.* $258,035 U.S. CURRENCY; $195,320 U.S. Currency; Arkansas State Highway and Transportation Department

02-1041                                                98 S.W.3d 818

Supreme Court of Arkansas
Opinion delivered February 28, 2003

118

*Mark Pryor*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellant.

One brief only.

W H. "Dub" Arnold, Chief Justice. Appellant State of Arkansas brings this appeal from an amended order finding that seized monies under the Arkansas Drug Forfeiture Act be awarded to the Crawford County general fund. The State brings two points on appeal: 1) whether the trial court lacked the authority to set aside the May 16, 2002, judgment in the absence of a request by an opposing party and a showing of grounds for setting aside a default judgment pursuant to Arkansas Rule of Civil Procedure 55; and, 2) assuming that the trial court was permitted to set aside a default judgment in the absence of a request to do so, whether the trial court nonetheless erred by ordering the subject money forfeited to the County instead of the State. For

the reasons that follow, we reverse and hold that the trial court lacked authority to set aside the judgment.

On January 21, 2002, Arkansas Highway Patrol Officer Timothy Gushing seized currency totaling $258,035.00 from a truck driven by Ramkumar Naraine. Officer Gushing observed Naraine filling out his log book after Officer Gushing requested it from Naraine. Officer Gushing conducted an inspection of the truck and the truck's equipment. Officer Gushing asked Naraine if Naraine had any problems with the searching of the inside of the truck, and Naraine stated that he did not mind. Once inside of the cab of the truck, Officer Gushing observed a large suitcase with large amounts of cash wrapped in several bags. At the scene, Naraine advised the officers orally and in writing that the money was not his, that he had no interest in the money, and that he had no claim for its return to him.

On February 13, 2002, Officer Gushing stopped a truck and made contact with the driver, Parkin, and another driver, Fitzroy Brown. While Officer Gushing was visiting with Parkin, Parkin appeared to be nervous and in a hurry to get out of the station. Parkin gave Officer Gushing his log book and Officer Gushing noticed that Parkin had not driven for a week. Officer Gushing believed that there might be a second log book inside of the truck and obtained consent to search the truck. While searching the truck and trailer, Officer Gushing discovered a bag filled with United States currency totaling $195,320.00. Both Parkin and Brown advised officers orally and in writing that the money was not theirs, that they had no interest in the money, and that they had no claim for its return.

The State filed *in rem* forfeiture complaints against the currency in the two separate cases, and the circuit clerk issued summons. The State filed affidavits in each case, requesting that the warning orders issue pursuant to Ark. R. Civ. P. 4(a); those warning orders were issued and duly published. After more than thirty days had passed, no answer had been filed; therefore, the State filed an affidavit requesting default judgments in each case.

The trial court granted the State's motion, and default judgments were entered on May 16, 2002. The trial court found by a

preponderance of the evidence that the subject currency was subject to forfeiture pursuant to Ark. Code Ann. § 5-64-505 (Supp. 2001) and ordered that the money be forfeited to the State for distribution pursuant to that statute.

When a local bank requested that the judgments be amended to reflect the amounts actually seized, the trial court instead set the matter for an "inquiry hearing." On June 12, 2002, the trial court conducted a hearing at which the officers testified regarding the seizure of the property. After the hearing, the trial court, over the State's objection, ordered the money forfeited to the Crawford County general fund. On July 9, 2002, the trial court entered amended orders that contained no findings of fact or conclusions of law, but merely noted that the monies were seized and would be awarded to the Crawford County general fund. At the conclusion of the hearing, the following dialogue occurred:

THE COURT: All right, the court having heard the testimony, they're going to forfeit this money to the County General Fund. I don't think there's sufficient evidence on that, that will be the order of the court.

MR. MEDLOCK: Judge, I don't know if there's any authority to do that?

THE COURT: I don't know either, but we'll find out.

The State filed timely notices of appeal from each judgment.

Default judgments are governed by Rule 55 of the Arkansas Rules of Civil Procedure. That Rule provides, in pertinent part, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, judgment by default may be entered by the court." Ark. R. Civ. P. 55(a) (2002). Although default judgments are not favored in the law, a default judgment is just as binding and enforceable as a judgment entered after a trial on the merits. *B & F Engineering, Inc. v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992). Additionally, according to Arkansas Rule of Civil Procedure 55(c):

> The court may, *upon motion*, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud, misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. *The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action*; however, if the judgment is void, no other defense to the action need be shown.

Ark. R. Civ. P. 55(c) (emphasis added). Furthermore, a party seeking relief from a default judgment must demonstrate one of the four grounds set out in Rule 55(c), and, unless the judgment is absolutely void, demonstrate a meritorious defense. *Tharp v. Smith*, 326 Ark. 260, 930 S.W.2d 350 (1996). Under these standards, the trial court erred by setting aside the May 6, 2002, judgments and entering the amended judgments.

██ Although a trial court has the authority to set aside a default judgment, it may not do so in the absence of a request to do so. Rule 55(c) contemplates that a request to set aside a default judgment be made by an adverse party. Rule 55(c) qualifies a trial court's ability to set aside a default judgment by providing that it may do so "upon motion." Ark. R. Civ. P. 55(c). It does not permit the trial court to act upon its own initiative. Other rules that contemplate actions by the court specify that the court may act upon its own initiative. *See* Ark. R. Civ. P. 4(i) (2002)(the action shall be dismissed as to that defendant without prejudice upon motion or upon the request of a party or on its own initiative); Ark. R. Civ. P. 6(b)(1) (2002)(the court, for cause shown, may at any time in its discretion . . . with or without motion or notice, order the period enlarged); Ark. R. Civ. P. 21 (2002)(parties may be dropped or added by order of the court on motion of any party or on its own initiative); Ark. R. Civ. P. 39(a)(2) (2002) (. . .the trial of all issues so demanded shall be by jury unless . . . the court upon motion or on its own initiative finds that a right of trial. . .); Ark. R. Civ. P. 39(c) (2002)(In all actions not triable of right by a jury, the court upon motion or of its own initiative may try any issue. . .); Ark. R. Civ. P. 40(a) (2002)(the court may assign a trial date on its own motion even though neither party has requested a setting); and Ark. R. Civ. P. 60(a) (2002)(the court may modify or vacate judgment, order, or decree on motion of

the court or any party. . .). Rule 55(c) further provides that, to obtain relief from a default judgment, the moving party must demonstrate grounds and must demonstrate a meritorious defense. Thus, the Rule clearly requires a pleading filed by an adverse party setting forth the grounds for relief. *See* Ark. R. Civ. P. 7(b)(1) (2002)(an application to the court for an order shall be by motion which . . . shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought).

Here, the trial court acted on its own initiative, conducted a hearing, and, over the State's claim that it lacked authority to do so, set aside the default judgment and entered an order forfeiting the appellee property to the county general fund. Because the trial court lacked authority to set aside the original default judgment in the absence of a motion by an adverse party, we reverse. Therefore, we do not need to address the State's second point on appeal.

Reversed.

IMBER, J., not participating.