Cindy M. BAKER *v.* Robert T. ROGERS; Carroll County Board of Election Commission; Carroll County Board of Election Commissioners; Levi Phillips, Chairman; David Hoover and Joe Goforth, Members of the Carroll County Board of Election Commissioners

06-1206                                                           243 S.W.3d 911

Supreme Court of Arkansas

Opinion delivered November 30, 2006

[Rehearing denied January 18, 2007.*]

---

* TOM GLAZE, Justice, concurring. I would deny the request for the ballot and other voting materials because the issue had not been preserved. *But see* Ark. Code Ann. § 7-5-503 cited in my concurring and dissenting opinion. *See also* Ark. Code Ann. § 7-5-702 that deals with the preservation of voting materials.

*Jeff Rosenzweig*, for appellant.

*Putman Law Firm*, by: *William B. Putman*, for appellees.

JIM HANNAH, Chief Justice. ■ Cindy M. Baker appeals a September 29, 2006, order dismissing her complaint contesting the certification of Robert T. Rogers as the winner of the May 23, 2006, preferential primary election for the office of prosecuting attorney of the Nineteenth Judicial District. The circuit court erred in dismissing Baker's complaint with prejudice for failure to join the Secretary of State as a necessary party. As discussed in *Willis v. Crumbly*, 368 Ark. 5, 242 S.W.3d 600 (2006) and *Simes v. Crumbly*, 368 Ark. 1, 242 S.W.3d 610 (2006), a post-election contest case involving a district office such as prosecuting attorney must be filed in the county in which certification of nomination was made. *Id.* Further, the Secretary of State is not a necessary party. *Id.* In this case, that means the case was properly filed in Carroll County, and the Secretary of State was not a necessary party.

This case concerns an election contest, which is a special proceeding exempting application of the rules of civil procedure where a statute provides a different procedure.[1] *McCastlain v. Elmore*, 340 Ark. 365, 10 S.W.3d 835 (2000); *Womack v. Foster*, 340 Ark. 124, 8 S.W.3d 854 (2000); *Rubens v. Hodges*, 310 Ark. 451, 837 S.W.2d 465 (1992); *Hanson v. Garland County Election Comm'n*, 289 Ark. 367, 712 S.W.2d 288 (1986). Arkansas Code Annotated § 7-5-801(e) (Repl. 2000) only modifies civil procedure; it does not supplant it. First, the complaint must be filed "within twenty (20) days of the certification complained of." Ark. Code Ann. § 7-5-801(d) (Repl. 2000). Second, the "complaint shall be answered within twenty (20) days." Ark. Code Ann. § 7-5-801(e).

---

[1] We note that in *Tate-Smith v. Cupples*, 355 Ark. 230, 237, 134 S.W.3d 535, 538 (2003), we stated that, "[b]ecause election contests are special proceedings, the rules of civil procedure do not apply." However, this statement is incomplete. The rules of civil procedure do not apply where a statute provides a different procedure. *McCastlain v. Elmore*, 340 Ark. 365, 10 S.W.3d 835 (2000); *Womack v. Foster*, 340 Ark. 124, 8 S.W.3d 854 (2000); *Rubens v. Hodges*, 310 Ark. 451, 837 S.W.2d 465 (1992).

In these two ways, specific procedure is provided by the statute, and pursuant to Ark. R. Civ. P. 81, the "procedure so specified shall apply." Otherwise, all other rules of civil procedure apply.

■ The complaint was filed on June 15, 2006. Rogers was served by mail on June 17, 2006. The summons stated that a responsive pleading had to be filed "within twenty (20) days from the day you were served with this summons." Similarly, Ark. Code Ann. § 7-5-801(e) (Repl. 2000) provides that a complaint contesting an election shall be "answered"[2] within twenty days.[3] Twenty days from the date of service[4] ran on July 7, 2006. Rogers filed his responsive pleading, a motion to dismiss, on July 6, 2006, which was within twenty days of service.

---

[2] Use of the verb "answered" in Ark. Code Ann. § 7-5-801(e) (Repl. 2000) does not dictate that only a pleading entitled "answer" may be filed in response to the complaint. The verb "answered" means simply that a defendant must act and respond within twenty days. Here, Rogers filed a motion to dismiss within twenty days of service of the complaint. A motion to dismiss is a responsive pleading. However, even if the statute had used the noun "answer," the outcome would be no different. *Black's Law Dictionary* defines answer as "a defendant's first pleading that addresses the merits of the case, usually by denying the plaintiff's allegations." *Black's Law Dictionary* 1173 (7th ed. 1999). Thus, a motion to dismiss was permissible.

[3] We take this opportunity to clarify any confusion that might arise from a parenthetical statement in *Willis v. King*, 352 Ark. 55, 61, 98 S.W.3d 427, 430 (2003), that appears in a discussion of Willis's failure to move to expedite the appeal:

> The General Assembly has also made it abundantly clear that the concern for timely resolution of election contests is not unique to the filing of the complaint but that expedited deadlines and consideration of election contests permeate the Election Code. *See* Ark. Code Ann. § 7-5-801(e) (Repl. 2000) (*response due within twenty days of the complaint being filed*); Ark. Code Ann. § 7-5-810 (Repl. 2000) (seven-day time period for filing an appeal); Ark. Code Ann. § 7-5-802 (Repl. 2000) (requiring the circuit court to "proceed at once" with election cases); Ark. Code Ann. § 7-5-804 (Repl. 2000) (stating it is the duty of the Supreme Court to advance election cases).

(Emphasis added.) The phrase "response due within twenty days of the complaint being filed" in *Willis* was not necessary to the decision. Where discussion or comment in an opinion is not necessary to the decision reached therein, the discussion or comment is obiter dictum. *Ward v. Williams*, 354 Ark. 168, 118 S.W.3d 513 (2003).

[4] To hold that the answer must be filed within twenty days of the date the complaint is filed would impermissibly void the rights of the defendant to due process. To so hold would allow a plaintiff to hold the complaint and serve it on the twentieth day and still comply with the statute. This we will not do. "[T]his court is duty bound to reject any interpretation of a statute that results in absurdity or injustice . . . ." *Weiss v. Cent. Flying Serv., Inc.*, 326 Ark. 685, 690, 934 S.W.2d 211, 214 (1996).

Baker also alleges that the circuit court erred in failing to grant her an order placing evidence of the election into protective custody. She failed to obtain a ruling on this issue. The failure to obtain a ruling precludes appellate review because there is no order of a lower court on the issue for this court to review on appeal. *Gwin v. Daniels*, 357 Ark. 623, 184 S.W.3d 28 (2004).

Reversed and remanded.

GLAZE, J., concurs in part and dissents in part.

IMBER and DICKEY, JJ., not participating.

TOM GLAZE, Justice, concurring in part and dissenting in part. This case is an election matter that requires this court to expedite its decision. Our court has considered several election matters this year, and we have reached a final decision in each case. What makes the instant case especially important are the serious allegations of fraud and the unlawful casting of ballots.

Appellant Cindy Baker and appellee Robert Rogers are candidates for the Democratic nomination for the office of Prosecuting Attorney for the Nineteenth Judicial District (East), which is co-extensive with the boundaries of Carroll County. No Republican, Independent, or other third-party candidate filed for this office. The three members of the Carroll County Board of Commissioners, Levi Phillips, David Hoover and Joe Goforth, superintended the Preferential Primary Election held on May 23, 2006. On May 26, 2006, the Commissioners certified Rogers the winner by fifty-seven votes.

On June 15, 2006, Baker filed an election contest; in her complaint, comprised of 291 paragraphs plus exhibits, Baker alleged that specific ballots were cast illegally. Baker averred that those unlawful ballots would change the result of the May 23 election, making her the winner. Alternatively, Baker argued that, due to noncompliance with various election laws, the election should be voided.

On July 6, 2006, Rogers and the Carroll County Board of Election Commissioners ("the Commissioners") filed a joint motion asking the circuit court to dismiss the complaint or, alternatively, grant them summary judgment. However, they did not file an answer. Baker then responded, stating she was entitled to a default judgment, because Rogers and the Commissioners failed to file an answer within the twenty days allotted under Ark. Code Ann. § 7-5-801(e) (Repl. 2000). On August 3, 2006, Rogers responded that § 7-5-801(e) does not require an answer within

twenty days from the date on which Baker's complaint was *filed*. Instead, Rogers contended that any answers required would be from the time he was *served* with the complaint. Rogers also asserted that § 7-5-801(e) did not require the filing of an answer or preclude a defendant from filing a motion to dismiss.

On August 7, 2006, the trial court heard the parties' motions and, among other things, declared that it had jurisdiction of the parties and cause of action. The trial court ruled first that § 7-5-801(e) was ambiguous because it was unclear whether a defendant in a post-election contest case was required to file his answer twenty days from the *filing* of the plaintiff's complaint, or from the date on which the defendant was *served* with the complaint. This latter interpretation corresponds with the twenty-day period provided by the Arkansas Rules of Civil Procedure. In this election case, Baker filed her complaint on June 15, 2006; twenty days from that date would have made Rogers's answer due on July 5, 2006. The Commissioners were not served until June 19, 2006, which, under the Rules of Civil Procedure, would have made July 10, 2006, the deadline for the Commission to file its answer.

Under the facts in this case, however, the deadline for filing an answer is irrelevant, because neither Rogers nor the Commissioners ever filed an answer to the allegations listed in Baker's complaint. Instead, Rogers and the Commissioners filed a joint motion to dismiss or alternatively for summary judgment. The trial court, finding that the defendants' motions had been timely filed, ultimately granted their dismissal,[1] but denied their summary judgment request. The trial court's application of the "twenty days from service" language in Ark. R. Civ. P. 12 forms the crux of the second point raised in Baker's appeal.

I begin by pointing out that I disagree with the trial court's finding that the language in § 7-5-801(e) contains an ambiguity. For example, in *Willis v. King*, 352 Ark. 55, 98 S.W.3d 427 (2003), this court stated that the General Assembly "has made it abundantly clear that the concern for timely resolution for election contests is not unique to the filing of the complaint, but that expedited deadlines and considerations of election contests permeates the Election Code." *Willis*, 352 Ark. at 61, 98 S.W.3d at 430. In making this statement, our court cited § 7-5-801(e) as provid-

---

[1] The circuit court granted the defendants' subsequent motion to dismiss that alleged Baker had failed to join a necessary party.

ing that a *response is due within 20 days of the complaint being filed. Id.* It has long been the settled law in our state that an election contest is a special, statutory proceeding under Ark. R. Civ. P. 81, and that the Rules of Civil Procedure do not apply where a statute creates a right, remedy or proceeding that provides a different procedure. *See Tate-Smith v. Cupples*, 355 Ark. 230, 134 S.W.3d 535 (2003); *Rubens v. Hodges*, 310 Ark. 451, 837 S.W.2d 465 (1992). Our court has also held that contesting an election is purely statutory, and a strict observance of statutory requirement is essential to the exercise of jurisdiction by the court, as it is desirable that election results have a degree of stability and finality. *Tate-Smith*, 355 Ark. at 237, 134 S.W.3d at 539 (citing *Reed v. Baker*, 254 Ark. 631, 495 S.W.2d 849 (1973)); *see also McCastlain v. Elmore*, 340 Ark. 365, 10 S.W.3d 835 (2000).

In the case now before us, the suggested ambiguity offered by the trial court can only be said to exist by inserting the words Rogers and the Commission offered in this case, to the effect that "the complaint shall be answered within 20 days *after the defendants have been served.*" Such an addition of language is unnecessary, and would subvert the reasonable interpretation that our court has given to § 7-5-801(e) and other related election statutes that require the defendants to have filed an answer within twenty days from the *filing* of the complaint. As was made clear in *Willis v. King*, *supra*, this court has specifically stated that the deadlines set out in § 7-5-801 have long been held to be both mandatory and jurisdictional. *Willis*, 352 Ark. at 59, 98 S.W.3d at 429.[2]

---

[2] The majority opinion would have the twenty days run from the date on which the complaint is served. Of course, this approach would require applying our Rules of Civil Procedure, which this court has consistently held do not apply in election-contest cases, which are special statutory proceedings. *See Tate-Smith v. Cupples*, 355 Ark. 230, 134 S.W.3d 535 (2003); *McCastlain v. Elmore*, 340 Ark. 365, 10 S.W.3d 835 (2000); *Womack v. Foster*, 340 Ark. 124, 8 S.W.3d 854 (2000); *Rubens v. Hodges*, 310 Ark. 451, 837 S.W.2d 465 (1992). In addition, the opinion ignores the fact that, if courts were to begin applying the Rules of Civil Procedure, it would trigger other provisions within the Rules, such as other motions or other procedural matters, which would only serve to lengthen the election contest — in violation of our case law and statutes that require expediting such contests. *See Willis v. King, supra*. For example, as Baker notes in her brief, if the Rules of Civil Procedure applied, and motions for summary judgment pursuant to Ark. R. Civ. P. 56 were permitted in election contests, the party opposing the summary-judgment motion would have twenty-one days to respond, and the moving party would then have fourteen days in which to serve a reply. *See* Ark. R. Civ. P. 56(c) (2006). The circuit court would then have an additional fourteen days after the

In this case, Rogers and the Commissioners failed not only to meet the twenty-day deadline for filing their answer after Baker filed her complaint, but also they *never filed any answer at all* in this litigation. As previously mentioned, Rogers and the Commissioners did file motions for dismissal and for summary judgment, but both of these motions were initially denied by the trial court. Moreover, the defendants' standing to bring these motions was questionable, because they never filed a timely answer. *See Beebe v. Fountain Lake Sch. Dist.*, 365 Ark. 536, 231 S.W.3d 628 (2006) (party status is generally obtained by initiating an action through filing a complaint *or responding to a complaint by answer*). In addition, Rogers and the Commissioners also never questioned whether the facts alleged in Baker's complaint stated a prima facie case for overturning the primary election result.

Much of the same can also be said concerning Baker's allegations of unlawful voting practices that she claims took place during the May 23 primary election, because these allegations, if true, would change the outcome of the primary race for prosecuting attorney. Again, Rogers and the Commissioners failed to file a timely answer, thereby depriving them of standing to raise their summary-judgment motion. *See Beebe, supra*. The trial court further pointed out that Baker's allegations remained to be proven, but for purposes of ruling on the defendants' motion to dismiss, the allegations of voting irregularities in the complaint were to be treated as true. Meanwhile, the trial court found that for the purpose of ruling on Rogers's and the Commissioners' summary judgment motions, Baker's allegations constituted a prima facie

---

service of the reply in which to set a hearing. *Id.* These extensions of time would only serve to unduly and improperly prolong the election contest, in direct contravention of our statutes and case law.

In a footnote, the majority opinion also assumes a hypothetical situation with which this court has not been presented — namely, that the plaintiff would intentionally or fraudulently serve the complaint in a dilatory fashion in order to deprive the defendant of the ability to respond. Obviously, if any party acts in a fraudulent manner, that would have to be raised by the parties at that time and resolved by the circuit court. In sum, the Chief Justice's opinion presumes the existence of a fraudulent intent. That, however, is not the case before us, and is a question to be dealt with in the future, should it arise. Moreover, even if we were to apply the service requirements of Rule 12, there could still be possible attempts to manipulate the process that could involve the possibility of fraud by a party. Again, however, that is not before us. What we do not need to lose sight of is that these matters need to be expedited and resolved, and the general rule needs to be applied in this case in order that these contests can be fully tried and expedited upon appeal.

case and required the denial of the defendants' motion. Because defendants can only prevail on a motion for summary judgment as a matter of law where there are no disputed material facts, *see, e.g., Alexander v. Flake,* 322 Ark. 239, 910 S.W.2d 190 (1995), the court correctly denied the defendants' summary-judgment motion.

Having determined that no answer was filed, there is still the question of whether, in the absence of a proper answer from Rogers and the Commissioners, Baker was entitled to a default judgment. As noted above, election contests are special proceedings to which the Rules of Civil Procedure ordinarily do not apply. *See Tate-Smith v. Cupples, supra; Rubens v. Hodges, supra.* Whether a default judgment is available in an election case is a question not often presented to this court. However, in *Garrett v. Andrews,* 294 Ark. 160, 741 S.W.2d 257 (1987), this court concluded that a default judgment was not proper in an election case. Noting first that the Rules of Civil Procedure need not be applied in election contests, the *Garrett* court cited *LaFargue v. Waggoner,* 189 Ark. 757, 75 S.W.2d 235 (1934), for the proposition that application of procedural rules in election contests "must not be so strict as to afford protection to fraud, by which the will of the people is set at naught, nor so loose as to permit the acts of sworn officers, chosen by the people, to be inquired into without an adequate and well-defined cause." *Garrett,* 189 Ark. at 168, 741 S.W.2d at 261. Accordingly, the court determined that Rule 55 should not be applied to an election proceeding "when the result would be to set aside a valid public election without any proof whatsoever." *Id.*

The same result should obtain in the instant case. Although the allegations in Baker's complaint were properly taken by the trial court as true, for purposes of denying the defendants' motion to dismiss, Baker should still be required to put on evidence in support of the claims of voting irregularities that she made in her complaint.[3]

---

[3] While Rule 55 is not applicable in election cases, I do note that the outcome here is similar to what would happen in an ordinary civil default-judgment situation. In Arkansas, of course, a default judgment establishes liability but not the amount of damages. *See Divelbliss v. Suchor,* 311 Ark. 8, 841 S.W.2d 600 (1992). A subsequent hearing is required to determine the amount of damages. *See id.; see also* Ark. R. Civ. P. 55(b). While a defaulting defendant cannot introduce evidence to defeat the plaintiff's cause of action at a hearing on damages, the defendant retains the right to cross-examine the plaintiff's witnesses, to challenge the

Because I would hold that the trial court erred in granting Rogers's and the Commissioners' motion to dismiss because the defendants never filed a proper answer, I would find no need to reach Baker's first point on appeal, wherein she argues that the trial court erred in dismissing her complaint for her failure to name the Secretary of State as a necessary and indispensable party.[4] However, an identical argument was raised and discussed in *Willis v. Crumbly*, 368 Ark. 5, 242 S.W.3d 600 (2006), in which this court held that, in post-election contests that raise allegations of voting fraud or irregularities, pursuant to § 7-5-801, the Secretary of State is *not* a necessary party when the election contest involves a district office, such as the Prosecuting Attorney's office involved in the instant case. *See* Ark. Code Ann. § 7-5-801(b) (Repl. 2000); *Willis, supra.*

Finally, I briefly address Baker's final point on appeal, in which she contends that that the trial court refused her request to preserve the election materials. Citing a 1908 case, Baker argues that this court has held that a court having jurisdiction of an election contest may make orders for preserving the ballots and using them as evidence; unless there is some abuse of the power of the court in this respect, there is nothing for this court to review. *See Williams v. Buchanan*, 86 Ark. 259, 272, 110 S.W. 1024, 1028 (1908). In addition, Ark. Code Ann. § 7-5-530(c) (Supp. 2005) provides that, "[i]n the event that there is an election contest filed, the judge of the court that has jurisdiction *may* order the county sheriff to impound the audit logs and the voter-verified paper audit trail alleged in the contest to be in question." (Emphasis added.)

---

sufficiency of the plaintiff's evidence as to the amount of damages, and to introduce evidence in mitigation of damages. *See* Howard W. Brill, *Law of Damages* § 13-2, at 201 (5th ed. 2004) (citing *Clark v. Michael Motor Co.*, 322 Ark. 570, 910 S.W.2d 697 (1995)); *see also Tharp v. Smith*, 326 Ark. 260, 930 S.W.2d 350 (1996). In this election case, as noted above, Baker should still be required to prove her allegations of voting irregularities, much as a plaintiff who won a default judgment must still prove her damages.

[4] On September 29, 2006, the circuit court entered an order dismissing Baker's complaint with prejudice. In an accompanying letter opinion, the court explained that the race at issue was a "district office," and as such, the Secretary of State and the State Committee of the Democratic Party were required to receive certification of the vote under Ark. Code Ann. § 7-7-401(a) (Supp. 2005). Citing *Willis v. Circuit Court of Phillips County*, 342 Ark. 128, 275 S.W.3d 372 (2000), the circuit court found that, because the Secretary of State and State Committee were necessary parties, Baker's failure to name them as defendants, as well as her failure to file her complaint in Pulaski County, required dismissal of the case.

Here, Baker asked the trial court to enter an order granting her immediate access to the ballots. In addition, in her complaint, she alleged that election officials were required to "produce an audit log from each machine used in the election" and "to preserve the voter-verified paper audit trail which is contained in the voting machine and made contemporaneously with the voter casting their vote" under § 7-5-530. However, it does not appear that the trial court ever entered an order to that effect. Having failed to obtain a ruling on the issue, Baker did not preserve this issue for appellate review. *See, e.g., Raymond v. State*, 354 Ark. 157, 118 S.W.3d 567 (2003) (an appellant must obtain a ruling on his or her argument to preserve the matter for this court).