DOBBS *v.* HOLLAND.

Opinion delivered November 3, 1919.

1. EQUITY JURISDICTION—REISSUANCE OF COUNTY WARRANTS.—The chancery court has jurisdiction of a suit brought by a tax payer to restrain the county judge, clerk, and treasurer from reissuing county warrants for a purpose not authorized by law.

2. PROSECUTING ATTORNEY—COMPENSATION.—Act 1919, p. 248, is not invalid as creating a permanent office; the act merely provides a compensation for the prosecuting attorney, in lieu of fees, and provides for the payment of this compensation.

3. CONSTITUTIONAL LIMITATIONS—CONSTRUCTION OF DOUBTFUL STATUTES.—Any doubt about the constitutionality of a statute must be resolved in favor of its validity; and the language of a statute will be given a construction which makes it valid if it is reasonably susceptible of such construction.

4. PROSECUTING ATTORNEYS — FEES AND SALARY — CONSTITUTIONAL LIMITATIONS.—Act of 1919, p. 248, providing for the payment of fees normally payable to the prosecuting attorney to the county, and the payment to said attorney of a fixed sum, is not invalid under the Constitution of 1874, article 19, section 11.

Appeal from Sebastian Chancery Court, Greenwood District; *J. V. Bourland,* Chancellor; affirmed.

*A. M. Dobbs,* for appellant.

1. The court has jurisdiction because (1) plaintiff has no adequate remedy at law; (2) it will prevent multiplicity of suits, and (3) plaintiffs and defendants occupy the relation of *cestui que* trust and trustee, and equitable remedy is sought to prevent the wrongful use of trust funds. Kirby's Digest, § 1493; 4 Ark. 302; 8 *Id.* 57; 146 Fed. 8; 134 U. S. 338; 30 Ark. 109; art. 16, sec. 13, Const. 1874; 34 Ark. 603-7; 4 Pom. Eq. Jur. (4 Ed.), Ch. 18, § § 1762, 1778, 1767; 101 U. S. 601; 53 Ark. 37; 52 *Id.* 541.

2. The act is void because (1) it is a special law where a general law could be made applicable and suspends a general law for the benefit of a particular individual in violation of article 5, section 24, Constitution. (2) It creates a permanent State office in violation of the Constitution, article 16, section 9. 114 Ark. 212. (3) It usurps the original and exclusive jurisdiction of the county court in matters of county taxes and disbursements of county funds for county purposes in violation of article 7, section 28, and requires quorum courts to make appropriations for purposes other than county purposes in violation of article 7, section 20, Constitution. 11 Ark. 108; 85 *Id.* 89; 107 S. W. 1183; 114 Ark. 278; 169 S. W. 964; 188 *Id.* 82; 125 Ark. 350. (4) It requires the payment of money out of the treasury before an appropriation has been made in violation of article 16, section 12, Constitution. Kirby's Digest, § § 1499, 1503. (5) It arbitrarily fixes the salary and expenses of the prosecuting attorney for the Fort Smith and Greenwood districts, thus encroaching upon and usurping the duties of quo-

rum courts in violation of article 13, section 5, and article 4, sections 1 and 2 of the Constitution. (6) It increases the salary of the present prosecuting attorney during his term of office and above the maximum allowed by article 19, section 11, Constitution. 4 Pom. Eq. Jur. (4 Ed.), § 1339.

. *Earl U. Hardin, Edwin P. Hardin, Geo. W. Dodd* and *Covington & Grant,* for appellees.

1. The contention of appellant that he has no adequate remedy at law and that chancery should interfere. to prevent multiplicity of suits, etc., is without merit. 30 Ark. 109; 106 *Id.* 508.

2. No general law is superseded by a special act. 103 Ark. 529.

3. The Constitution does not prohibit the increase in salaries of prosecuting attorneys. Art. 19, § 11, Constitution; 85 Ark. 89.

4. All doubts should be resolved in favor of the act. 112 Ark. 346; 89 *Id.* 459; 60 *Id.* 343.

5. The act provides for deputies or assistants, which is not against our Constitution. 114 Ark. 212.

6. Our Constitution does not define the phrase, "county purposes." 18 So. 339-343; 36 Fla. 196; 33 Tenn. 637, 663; 62 Am. Dec. 424. The Legislature has carried out the object and purpose of our Constitution, and by this act counties are required to share their proportionate burden in this behalf, and the clause, "fees, costs, perquisites of office, or other compensation," is sufficiently broad to authorize the passage of this act.

SMITH, J. (1) This action was instituted by appellant as a taxpayer of Sebastian County, which is in the 12th Judicial Circuit, to enjoin the issuance and payment of warrants out of county funds to the prosecuting attorney for salary and expenses of his office under an act of the General Assembly approved March 22, 1919 (Acts 1919, p. 248), placing that officer on a salary and making certain allowances for the expense of his office and for the services of deputies. This suit questions the constitu-

tionality of that act. Several grounds of attack involve the questions which have been so frequently and for so long a time settled that we do not review them again. The question of the jurisdiction of the chancery court is raised, but that question may be considered settled by the opinion in the case of *Quinn* v. *Reed,* 130 Ark. 116, wherein it was held that the chancery court had jurisdiction of a suit brought by a taxpayer to restrain the county judge, clerk and treasurer from reissuing county warrants for a purpose not authorized by law.

(2)  One objection made to the act is that it creates a permanent State office in violation of article 16, section 9, of the Constitution. This objection is met by the statement that the act does not create a new office, for the office of prosecuting attorney is created by the Constitution itself. The act merely provides a compensation for that officer in lieu of fees and provides for the payment of this compensation.

It is said the act is an infringement upon the jurisdiction of the county court, in that it undertakes to disburse county funds. In reply to this contention, it may be answered that a similar contention was disposed of in the case of *Cain* v. *Woodruff County,* 89 Ark. 456. There the constitutionality of an act fixing the fees for keeping county prisoners was questioned of being in conflict with section 28, article 7, of the Constitution, and the court said: "The fees and salaries that are paid by the respective counties to their respective officers are matters of local concern to the respective counties; and yet no one doubts that the Legislature has the power to fix the amount of those fees' and salaries, and does. It is because the exercise of that power is not in conflict with the provision of the Constitution relied herein upon by appellee. And so, too, the provisions of Act No. 136 of the General Assembly of 1907 are not inhibited by that provision of the Constitution." Moreover, the money disbursed is that entitled by way of fees under the authority of an act itself, as we hereinafter decide.

The serious question in the case is whether the act is in conflict with section 11 of article 19 of the Constitu-

tion.  It is there provided that the Governor and certain other State officers shall each receive a salary to be established by law which shall not be increased or diminished during their respective terms, "nor shall any of them, except the prosecuting attorneys after the adoption of this Constitution, receive to his own use any fees, costs, perquisites of office or other compensation; and all fees that may hereafter be payable by law for any service performed by any officer mentioned in this section, except prosecuting attorneys, shall be paid in advance into the State treasury.  Provided, that the salaries of the respective officers herein mentioned shall never exceed per annum  *  *  *  ; for prosecuting attorney the sum of $400."

The act under review designates the compensation of the prosecuting attorney as salary and provides that the Greenwood District of Sebastian County shall pay $900 and the Fort Smith District shall pay the sum of $1,800 and that Scott County shall pay the sum of $300 as salary to the prosecuting attorney, and that said sums shall be in lieu of all fees allowed by law for his services. Certain allowances for expense are also made together with allowances for the services of deputies, which compensation is paid in the same manner and in lieu of fees. No change is made in the fees of the prosecuting attorney, but the act provides that these fees shall be paid into the treasury of the respective counties.

Section 7 of the act provides that the quorum courts shall annually appropriate the sums sufficient to cover the expenses provided for in the act, and that until a meeting is held by said quorum courts the respective county clerks shall issue upon vouchers approved by the respective county judges monthly warrants to cover the expense therein provided for and that at the first meeting of the quorum court an appropriation shall be made to cover such back warrants.

(3)  It is familiar law that any doubt about the constitutionality of any statute must be resolved in favor of its validity and that the language of a statute will be given

a construction which makes it constitutional if it is reasonably susceptible to such construction.

We must assume, therefore, that the Legislature had it in mind that a maximum salary of $400 for prosecuting attorneys had been fixed in the Constitution and had enacted the act under review to conform thereto. It will be observed that this section 11 of article 19 does not fix the maximum compensation of prosecuting attorneys; upon the contrary, the exception is expressly made that prosecuting attorneys may receive to their own use any fees, costs, perquisites of office or other compensation which may be allowed by statute.

Now, no change is made in the fees of the prosecuting attorneys; they remain the same and are to be collected as they formerly were, but, instead of being paid to the prosecuting attorney, they are paid into the county treasury. The Legislature was no doubt advised what fees had formerly been collected by the prosecuting attorney in this judicial circuit, and no doubt assumed that those fees would hereafter equal the compensation fixed by the act, and we think it a fair construction of the act to say that the Legislature intended that the compensation fixed in the act should be paid out of the fees which the act provided should be collected and paid into the county treasury.

Section 23 of article 19 of the Constitution provides that no officer of this State, nor of any county, city or town shall receive, directly or indirectly, for salary, fees and perquisites more than $5,000 net profits per annum, and that all sums in excess of this amount shall be paid into the State, county or city treasury as shall be directed by appropriate legislation.

In the case of *Griffin* v. *Rhoton*, 85 Ark. 89, it was held that this section of the Constitution applied to prosecuting attorneys, but it was there also held that it was not self-executing and could become effective only after appropriate legistlation had been enacted for that purpose. Evidently the legislation under review was enacted for that purpose. Section 3 of the act provides, "That

in addition to the salary above mentioned said prosecuting attorney shall receive as a salary from the State the sum of $200 annually,'' this being the salary fixed by law for all other prosecuting attorneys and payable out of the State treasury. The act allows the prosecuting attorney of the 12th circuit the same salary which all other prosecuting attorneys receive; and, in lieu of all fees allowed by the act and collected under it, a compensation there specified, which does not exceed the maximum amount fixed by section 23 of article 19 of the Constitution.

It is true the act designates the compensation there fixed as salary, but that designation is not determinative of the fact that a salary has been fixed and we consider the act as a whole to determine its intent and meaning.

We conclude, therefore, that the salary of the prosecuting attorney has not been increased beyond the constitutional limitation but that a compensation has been fixed payable out of the fees which he earns, and that the act does not, therefore, offend against the Constitution.

McCULLOCH, C. J., (dissenting). I am unable to find language in the statute under consideration which justifies the construction that the salary fixed by the statute is to be out of fees collected and paid into the treasuries of the respective counties or that the payment by any of the counties of its allotted proportion of the prosecuting attorney's salary is not to be exceed the amount of such fees paid into the county treasury. Certainly the statute does not contain any words to that express effect. It reads that the fixed salary is payable in lieu of all fees—not out of the fees collected—which means that the salary is to be paid in the place of fees, and I think it necessarily follows from that language that the lawmakers meant to give the prosecuting attorney of the 12th Judicial Circuit the amount of salary fixed in the statute, regardless of the fees paid into the treasury. I do not feel at liberty to read into the statute a restriction which the language used does not imply. If it had been intended

to confine the salary to the amount of fees collected it could have very easily have been so expressed in appropriate words. On the contrary, the lawmakers have employed a term which negatives the idea that the salary is to be paid out of the fees collected, for they have expressed it, that the salary is to take the place of fees— to be in lieu of the fees. The fact that the statute makes no provisions for the disposition of the balance, if any, of the fees collected, after paying the salary of the prosecuting attorney and fixes no period within which the fees are to accumulate, shows that the framers of the statute did not contemplate that the salary should be paid out of the accumulation of fees, but that it should be paid regardless of the amount of the fees collected, and all of the fees, whether more or less than the salary, should go into the general revenues of the counties.

If the statute be construed as authorizing the payment of salary of the prosecuting attorney out of county revenues, regardless of the amount of fees collected and paid into the county treasury, then it is void for the reason that the prosecuting attorney is a State officer (*Griffin* v. *Rhoton*, 85 Ark. 89), and it is beyond the power of the Legislature to impose on a county the burden of paying the salary of a State officer. *Cotham* v. *Coffman*, 111 Ark. 108.