## KING v. TUGGLES.

### Opinion delivered November 3, 1919.

SCHOOLS AND SCHOOL DISTRICTS — ADDITION TO SCHOOLHOUSE — AUTHORITY OF DIRECTORS.—The directors of a school district may build an addition to the existing schoolhouse, without authorization from the annual school meeting.

Appeal from White Chancery Court; *John M. Elliott*, Chancellor; affirmed.

*Brundidge & Neelly*, for appellants.

The directors should be empowered, as they have no power to build the addition to the school house without

first submitting the matter to the electors of the district on proper notice given. This is a special statute and must be strictly construed, and the directors are not authorized to build the addition without first giving notice and getting a vote as provided by law. Mansf. Digest, § § 6197-9, 6210-13-23; 49 Ark. 94; 16 Col. 255; Fields' Ultra Vires 352.

*Cul L. Pearce* and *Miller & Yingling,* for appellees.

Under the law the directors have no power to select a new site and build a new building without the notice and vote of the electors, but they have the power to make needed improvements and repairs on a building already constructed, according to law, to preserve the property from waste or damage. 102 Ark. 263; Kirby's Digest, § 7614. The school funds were properly and judiciously expended and not contrary to law and the decision below was right and should be affirmed. No error is shown.

SMITH, J. Appellants seek by this suit to enjoin the directors of Common School District No. 51 of White County, Arkansas, from building a room or an addition to the school building of the district without first submitting the matter to the electors of the district.

From the agreed statement of facts in the case it appears that the district owned a schoolhouse twenty by thirty-four feet, which answered the purposes of the district until the school attendance had so far increased that another room became necessary. The matter of its construction was discussed at the annual school meeting, but no action thereon was taken by the electors, although a tax of seven mills was voted for general school purposes. Thereafter, without any authorization from the electors, the directors undertook to erect an addition or an L to the school building, the same being eighteen by twenty feet, and this suit was brought to enjoin that action. The complaint was dismissed for want of equity, and this appeal has been duly prosecuted.

The district directors claim that authority for their action is found in section 7614 of Kirby's Digest. It is there provided that the directors shall have charge of the school affairs and of the school educational interests of their district, and shall have the care and custody of the school houses and grounds, the books, records, papers and other property belonging to the district, and shall carefully preserve the same, preventing waste and damage. It is there also provided that they shall purchase or lease such schoolhouse site as may be designated by a majority of the legal voters at the district meeting, and shall hire, purchase or build a schoolhouse with funds provided by the district for that purpose, and may sell or exchange such site or schoolhouse when so directed by a majority of the electors of any legal meeting of the district.

This statute was construed by this court in the case of *Fluty* v. *School District*, 49 Ark. 94, where it was held that the directors of a school district had no power to build a schoolhouse with the funds of the district unless authorized so to do by the annual school meeting, and upon the authority of that case appellants insist that the same authorization is necessary to build a portion of a building as is required to build a complete building.

We do not think, however, that the powers of the directors are thus circumscribed. Certain things stated above may not be done by them until authority to act has been first conferred by the electors; but the directors are given charge of the school affairs and of the educational interests of their district subject to the limitations stated.

The directors here are not proposing to select a site for the building, nor to build a schoolhouse, within the meaning of the statute, but are only making needed improvements upon the building already on the grounds, and we are of the opinion that this is one of those incidental things contemplated in the general grant of authority to have charge of the school affairs and of the school educational interests of their district. Decree affirmed.