DARMER *v.* WHITE.

Opinion delivered November 10, 1930.

*Elmo Carl-Lee,* for appellant.

*Roy D. Campbell,* for appellee.

SMITH, J. This appeal involves a contest for the nomination of the Democratic Party for the office of tax assessor in Woodruff County. On the face of the returns Frank Darmer received 630 votes and W. B. White a total of 617. Three other contestants for this office received a scattering vote, the total of all of these being less than the vote received by either Darmer or White.

White demanded a recount by the central committee, and in due time filed a contest containing numerous allegations of fraud and illegal voting, to his prejudice. He also alleged that a correct count of the votes cast would show that he had received a plurality of the votes.

A recount of the ballots cast was had, presumably under the order of the court in which the contest was pending, and as each precinct was counted a stipulation was entered into and signed by the parties showing the result of the recount. A tabulation of the figures disclosed by these stipulations shows that Darmer received 619 votes and White 624 votes, so that White, and not

Darmer, had received a plurality of the votes as shown by the ballots which had been returned by the election officers as the ballots cast in the election.

Upon calling the case for trial Darmer filed a motion to dismiss the complaint, for the reason that the collector of taxes did not at any time prepare and file with the county clerk a certified list of poll taxpayers as required by § 3740, C. & M. Digest. Counsel for White conceded the truth of the allegation of this motion, but stated that he was standing on the recount, and not on the certified list, and that he had some testimony to offer. Whereupon the court ruled as follows: "I am going to sustain the motion as to the list, but I am going to refuse to dismiss the cause, because counsel announces that he has other proof which he wishes to offer, which he stands upon, other than the alleged certified list."

The court then permitted counsel for White to offer in evidence the stipulations, which, as has been stated, show that White had received a plurality of the votes as shown by the ballots which had been duly returned by the election officers. Objection was made as each stipulation was read into the record, and exceptions were saved to the action of the court in admitting them in evidence. After this evidence had been admitted, the court asked counsel for Darmer if he wished to offer any testimony, but none was offered, whereupon the court found that, *prima facie,* White was the nominee, and judgment was rendered to that effect.

It was held by a majority of the court in the case of *Brown* v. *Nisler,* 179 Ark. 178, 15 S. W. (2d) 314, (to quote a head-note), that: "In an election contest by one claiming to be the rightful nominee, basing his claim almost entirely on the printed list of voters furnished to the election judges, his complaint was properly dismissed where the printed list was invalid for want of substantial compliance with Crawford & Moses' Digest, § 3740," and that holding was adhered to in the opinion handed down today in the case of *Cain* v. *McGregor.* But

the ruling of the court below on this question conformed to the ruling in the case of *Brown* v. *Nisler, supra.*

It does not follow, however, and we have never held, that there can be no contest of an election where § 3740, C. & M. Digest was not complied with.

When this section has been complied with, and the collector has furnished a list of persons who have paid their poll tax, authenticated by the collector's affidavit, and the county clerk has recorded this list, and has furnished a certified copy thereof to the election commissioners, who have caused the list to be printed, and copies of the list so printed have been furnished to the judges of the election, a *prima facie* evidence of the right to vote has been supplied. But the failure of the collector to perform his duty in this behalf, or the omission to print the name of an elector who has paid his poll tax, does not exclude the elector from voting who is otherwise qualified to do so. The case of *Brown* v. *Nisler, supra,* reviews the statute (§ 3777, C. & M. Digest) declaring what evidence may be offered of one's right to vote, whether his name appears upon the printed list or not, or whether that list has been authenticated by the collector or not.

There was no showing whether the electors had complied with the provisions of § 3777, C. & M. Digest, upon the failure of the collector to comply with § 3740.

The effect of appellant Darmer's contention is that he is the nominee, not because he received the plurality of the votes cast, but because all the votes were illegal. According to the undisputed testimony, Darmer did not receive the plurality of the votes as evidenced by the ballots returned by the election officers, and there was no testimony showing what number, if any, of the electors were not qualified to vote. The testimony showed only that neither party was entitled to rely on the printed list of the electors, for the reason that it had not been certified as required by § 3740, C. & M. Digest. But this fact did not invalidate the election nor prevent a contest of it. Enough testimony was offered to make a *prima*

*facie* showing that White had received the plurality of the votes cast at the election, and no testimony was offered to the contrary, nor was any testimony offered that any of the electors had voted illegally.

The court therefore properly declared White the nominee, and the judgment to that effect must be affirmed, and it is so ordered.