Alvin P. SIMES  *v.*  Jack CRUMBLY, Arnell Willis,
St. Francis County Election Board, Phillips County Election Board,
Wesley N. Freemyer, Fran Anderson, Board of Election
Commissioners, Maxine Miller, and Linda White

06-1121                                                      242 S.W.3d 610

Supreme Court of Arkansas
Opinion delivered November 6, 2006

*Ronald W. Lewis*, for appellant.

*Robin J. Carroll*, for appellee Jack Crumbly.

*Ashley Higgins*, for appellee Phillips County Election Board.

*Easley & Houseal, P.A.*, by: *B. Michael Easley*, for appellee Arnell Willis.

*Fletcher Long*, for appellee St. Francis County Election Board.

No response for appellees Wesley N. Freemyer, Fran Anderson, Maxine Miller, and Linda White.

JIM HANNAH, Chief Justice. Alvin Simes appeals an August 22, 2006, order of the Pulaski County Circuit Court dismissing his election contest under Ark. Code Ann. § 7-5-801 (Repl. 2000). He raises five issues on appeal. We need not consider the issues presented because this case must be affirmed[1] for failure to file the action in the forum required by Ark. Code Ann. § 7-5-801.

### Facts

Simes filed his election contest alleging that there were uncounted votes in Phillips County during the May 23, 2006, Preferential Democratic Primary for the office of state senator for District 16. District 16 is comprised of Crittenden, Lee, St. Francis, and Phillips counties. On June 1, 2006, Simes filed a petition for a recount as allowed under Ark. Code Ann. § 7-5-319 (Repl. 2000). However, Simes's petition was not filed within two days of the election as required by Ark. Code Ann. § 7-5-319(a)(2) (Repl. 2000), and based on this code section, the Phillips County Election Commission voted not to hold a recount. On June 22, 2006, Simes filed a "Complaint to Contest Election" in Pulaski County Circuit Court.

---

[1] The concurring opinion states that this opinion "appears to affirm" a decision in the circuit court that the Secretary of State and the Democratic Party are necessary parties. What is affirmed is the dismissal of Simes's complaint for failure to file it in the proper forum. This opinion holds that under Ark. Code Ann. § 7-5-801(b) (Repl. 2000) suit had to be brought in a circuit court of the district, not in Pulaski County where suit would be required if the Secretary of State and the Democratic Party were necessary parties.

*Election Contests*

In *Casey v. Burdine*, 214 Ark. 680, 683, 217 S.W.2d 613, 615 (1949), we stated that election contests are defined by the statutes creating them:

> The right to contest the election, as here concerned, is purely statutory. *Terry v. Harris*, 188 Ark. 60, 64 S.W.2d 80; *Hays v. Harris*, 188 Ark. 354, 65 S.W.2d 526. The rule is stated in 18 Am. Juris. 361: "Such statutory proceedings are special and summary in their nature. Therefore, as a general rule, a strict observance of the statute is required, so far as regards the steps necessary to give jurisdiction, and the jurisdictional facts must appear on the face of the proceedings."

An election contest in this case is permitted by Ark. Code Ann. § 7-5-801. Pursuant to Ark. Code Ann. § 7-5-801(b) (Repl. 2000), an election contest concerning a district office is to be brought within "any county . . . wherein any of the wrongful acts occurred when any . . . district office is involved."

At issue in this case is the preferential primary election of the person who will be the Democratic nominee in the general election for state senator of District 16. Pursuant to art. 5, § 3 of the Arkansas Constitution, a state senator is chosen by the qualified electors of the district. A state senator represents the district that elects him or her. He or she must be a resident of the district from which he or she is elected. Ark. Const. art. 5, § 4. A state senator is elected by a particular subdivision of the state, or in other words a district. *See Willis v. Crumbly*, 368 Ark. 5, 242 S.W.3d 600 (2006). A discussion in *Morrow v. Strait*, 186 Ark. 384, 387, 53 S.W.2d 857, 858 (1932) concerning the election of prosecuting attorneys is helpful in understanding that the office of state senator is to be challenged in the county of the district where the wrongful acts occurred:

> The office of prosecuting attorney is a State office. *Griffin v. Rhoton*, 85 Ark. 89, 107 S.W. 380; *Speer v. Wood*, 128 Ark. 186, 193 S.W. 785; *Dobbs v. Holland*, 140 Ark. 405, 215 S.W. 709, 742. See also *Cotham v. Coffman*, 111 Ark. 108, 163 S.W. 1183. But the prosecuting attorney is not a State officer within the meaning of § 3772, Crawford & Moses' Digest, *supra*. The prosecuting attorney is a State officer whose functions are performed in a subdivision of the State, whereas the State officer to which the

statute quoted refers is one elected by the people of the entire State, and not in some political subdivision thereof.

Like a prosecuting attorney, a state senator is not an officer who is elected by the people of the entire state. The court in *Morrow* cited *Lanier v. Norfleet*, 156 Ark. 216, 245 S.W. 498 (1922),[2] stating that *Lanier* involved a contest over the nomination for state senator, "a State officer elected by a particular subdivision of the State." *Morrow*, 186 Ark. at 387, 53 S.W.2d at 858. The court in *Lanier* stated that:

> Sec. 3772 of Crawford & Moses' Digest confers a right of action on any candidate to contest the certification of vote . . . and provides that the action shall be brought in the circuit court within any county in the circuit or district wherein any of the wrongful acts occurred, if the contest is for a circuit or district office."

*Lanier*, 156 Ark. at 219, 245 S.W. at 499.[3]

▆ Jurisdiction for this election contest brought under Ark. Code Ann. § 7-5-801(b) is in Phillips County, because that is the county of District 16 where wrongful acts are alleged to have occurred. Therefore, filing the contest in Pulaski County is in error, and there is no jurisdiction under Ark. Code Ann. § 7-5-801 to hear this post-election contest in that forum.

### Reliance on Willis v. Circuit Court

Simes's reliance on *Willis v. Circuit Court of Phillips County*, 342 Ark. 128, 27 S.W.3d 372 (2000), in this case is misplaced. *Willis* concerns a pre-election challenge to eligibility to stand as a candidate, an action controlled by Ark. Code Ann. § 7-5-207(b) (1987). *See Willis v. Crumbly*, 368 Ark. at 12 n.4, 242 S.W.3d at 605 n.4 (2006). It is inapplicable to the present case. *Id.* As already noted, election cases are governed entirely by statute. *See Casey, supra*. At issue in the present case is a post-election contest which is governed by Ark. Code Ann. § 7-5-801, a statue that provides an entirely different remedy for post-election contests.

---

[2] The issue on appeal in *Lanier* concerned whether the notary used in executing the affidavits required was qualified under the then-existing statute.

[3] Similarly, Ark. Code Ann. § 7-5-801(b) (Repl. 2000) provides in relevant part that the action is to be brought in "any county of the circuit or district wherein any of the wrongful acts occurred when any circuit or district office is involved."

The circuit court based its decision on failure to include indispensable parties, which was incorrect, but correctly dismissed this action. This case is affirmed because the circuit court reached the right result but for the wrong reason. *See Spires v. Election Comm'n of Union County*, 302 Ark. 407, 790 S.W.2d 167 (1990).

GLAZE and DICKEY, JJ., concur. *See* concurring opinion in *Willis v. Crumbly*, 368 Ark. 5, 246 S.W.3d 600 (2006).