Representative Arnell WILLIS *v.* Jack CRUMBLY;
St. Francis County Election Commission, Frederick Freeman, Chair; Maceo Hawkins, and Chris Oswalt, All in Their Official Capacities as Members of the St. Francis County Election Commission

06-1147 242 S.W.3d 600

Supreme Court of Arkansas
Opinion delivered November 6, 2006

*Easley & Houseal, P.A.*, by: *B. Michael Easley*, for appellant.

*James Leon Johnson*, for appellee Jack Crumbly.

*Fletcher Long*, for appellee St. Francis County Election Commission, Frederick Freeman, Chair.

ROBERT L. BROWN, Justice. Appellant, Representative Arnell Willis, appeals from an order of the St. Francis County Circuit Court, which dismissed his complaint for failure to join necessary and indispensable parties. On appeal, Willis raises two points: (1) the circuit court erred in finding that the office of state senator is a "state office" and further erred in finding that Arkansas Code Annotated § 7-5-801 (Repl. 2000), was inapplicable to this post-election contest; (2) the circuit court erred in ruling that Willis's complaint lacked necessary and indispensable parties and was, therefore, nonjusticiable.

The facts are these. Willis, appellee Jack Crumbly, and Alvin Simes were candidates for the Arkansas State Senate District 16 in the Democratic Primary election held on May 23, 2006. That senate district includes parts of Phillips, Lee, St. Francis, and Crittenden Counties. Willis and Crumbly finished ahead of Simes,

but neither received a majority vote. After a runoff election, which was held on June 13, 2006, Crumbly received a majority of the votes and was declared the winner.

On July 7, 2006, Willis filed a petition in the St. Francis County Circuit Court to decertify the runoff election results, to oust Jack Crumbly, to void the runoff election, and to hold a special runoff election. In his petition, Willis alleged, among other things, that voter fraud had occurred, which resulted in Crumbly's improperly and illegally winning the runoff election. Also on July 7, 2006, Willis filed a first amendment to his cross-complaint and third-party complaint in a lawsuit that had been filed by Alvin Simes in the Pulaski County Circuit Court, contesting the primary election and alleging voter fraud in Phillips County.[1] Simes had named Crumbly, Willis, the Phillips County Election Commission and its members, the Phillips County Clerk, and the Arkansas State Board of Election Commissioners and its members as defendants in the Pulaski County action.

Willis stated in his first amendment that it served as an election contest in lieu of a separate complaint. In both his first amendment filed in Pulaski County and his complaint filed in St. Francis County, Willis named the St. Francis County Election Commission and its members and Jack Crumbly as defendants. Motions to dismiss were filed by defendants Crumbly and the St. Francis County Election Commission in both courts on the basis that necessary and indispensable parties had not been joined.

On August 22, 2006, the Pulaski County Circuit Court entered an order in which it found that both Simes and Willis had failed to join the Secretary of State and the Democratic Party of Arkansas State Committee (the "State Democratic Committee") in their pleadings as parties. The court found both to be necessary and indispensable parties, and the court dismissed Willis's first amendment to cross-complaint and third-party complaint, citing *Willis v. Circuit Court of Phillips County*, 342 Ark. 128, 27 S.W.3d 372 (2000) (*per curiam*), as authority.

Following a hearing on the dismissal motions, the St. Francis County Circuit Court entered an order on October 4, 2006, in which it found that the office of state senator is a "state office." The court further relied on *Willis, supra*, to determine that the case

---

[1] Simes has appealed that order of the Pulaski County Circuit Court to this court, which is case number 06-1121.

was nonjusticiable due to Willis's failure to join the Secretary of State and the State Democratic Committee as parties in his lawsuit. Because of this, the court dismissed Willis's complaint. Willis now appeals the dismissal by the St. Francis County Circuit Court. Following a motion by Willis to expedite the appeal, this court granted that motion and set a briefing schedule.[2]

Willis contends in this appeal that the St. Francis County Circuit Court erred in finding that the office of state senator is a state office rather than a district office. He claims that the applicable statute in this case is Arkansas Code Annotated § 7-5-801(b) (Repl. 2000), which provides that an election contest between a winning candidate and a losing candidate for a district office must be brought in the circuit court of the county in which the certificate of vote was made. He points out that that statute also mandates that an election contest for a state office must be brought in Pulaski County. See Ark. Code Ann. § 7-5-801(b). Willis further claims that because the office of state senator is a district office and not a state office, it was proper to bring the action in St. Francis County.

For his second point, Willis claims that the circuit court erred in ruling that his complaint lacked necessary and indispensable parties. He acknowledges that the circuit court based its decision not on the election-contest statute, § 7-5-801, but rather on Arkansas Code Annotated § 7-7-401 (Supp. 2005). He maintains, nevertheless, that this court should hold that the circuit court wrongly interpreted § 7-5-801 because by finding that Willis had to join additional parties, the court required Willis to do more than was called for by the statute. He further asserts that by applying the previous *Willis* case to the case at bar, the circuit court required more than what the election-contest statute plainly requires.

Willis adds that Arkansas Code Annotated § 7-5-804 (Repl. 2000) mandates that officeholders, such as the Secretary of State, obey the lawful orders of the courts of this state. Willis poses the rhetorical question of why would § 7-5-804(b) require that a court's order "be obeyed by officeholders, political committees

---

[2] We note that the issue of *res judicata*, based on the prior Pulaski County Circuit Court order against Willis dealing with the issues raised by Willis in the St. Francis County Circuit Court has not been raised by the appellees in this matter. *Res judicata* is a defense and not a matter of subject-matter jurisdiction. *See, e.g., Clemmons v. Office of Child Support Enforcement,* 345 Ark. 330, 47 S.W.3d 227 (2001). Thus, we will not raise the issue on our own or discuss it.

and their officers, and all election officials," if the Secretary of State and the political parties also had to be joined as parties. Moreover, he asks why § 7-5-804(c) would provide the court with *mandamus* authority to the Secretary of State and political parties to enforce the court's ruling, if the Secretary of State and the political parties were required to be defendants in the lawsuit. According to Willis, when reading the election statutes as a whole, it is clear that there is no requirement for these parties to be defendants in this election-contest action. Willis concludes by requesting that this court reverse the order of the St. Francis County Circuit Court.

Crumbly simply disagrees in his response and urges that the Secretary of State and the State Democratic Committee were necessary and indispensable parties in this case and that the St. Francis County Circuit Court properly dismissed the case. Crumbly further asserts that this court has previously addressed this precise issue in *Willis, supra*, which he deems an election-contest case. Crumbly contends that *Willis, supra*, stands for the proposition that a candidate for state representative who contests an election must join the Secretary of State and the relevant state political party to the lawsuit for the lower court to have jurisdiction to decide the case.

Crumbly also maintains that election contests brought post-election in Arkansas, which involve state officers, must include the Secretary of State simply because the Secretary of State is a critical party for obtaining post-election relief. Crumbly explains that the Secretary of State is the state official who not only certifies the results of elections, but he or she is also the official under state law who can, when ordered by a circuit court, "annul the certifications made and make certifications in accordance with the judgment of the circuit court." Ark. Code Ann. § 7-7-401(b) (Supp. 2005). Because the Secretary of State ultimately and officially certifies the vote totals for the office of state senator, Crumbly concludes that the Secretary of State is a necessary and indispensable party to this lawsuit.

Finally, Crumbly argues that the office of Arkansas State Senator is a "state office" for the purposes of Arkansas election law. According to Crumbly, this court has specifically stated that the office of State Representative is considered to be a "state office" in *Daniels v. Weaver*, 367 Ark. 327, 240 S.W.3d 95 (2006). Crumbly also relies on *Willis, supra*, where he says that this court treated a failed candidate for the Arkansas House of Representatives as seeking a "state office."

## I. District Office

We turn then to the first issue raised by Willis in this case. He asserts that the St. Francis County Circuit Court erred in finding that the office of state senator is a state office for purposes of § 7-5-801. We agree.

■ The Arkansas Constitution provides that "[t]he Senate shall consist of members to be chosen every four years by the qualified electors of the several districts." Ark. Const. art. 5, § 3. The Arkansas Constitution further provides that no person shall be a state senator who has not been a resident for one year "of the county or district whence he may be chosen." Ark. Const. art. 5, § 4. Based no doubt on these constitutional provisions, the publication entitled *Running for Public Office* published by the State Board of Election Commissioners in conjunction with the Office of the Secretary of State and the Arkansas Ethics Commission distinguishes state offices where candidates are elected by the entire state and district offices where candidates are elected by only a portion of the state. In addition, the Election Code distinguishes between "state" candidates and "district" candidates for certification purposes. *See* Ark. Code Ann. § 7-7-401(a) (Supp. 2005). We conclude that the St. Francis County Circuit Court erred in ruling that the office of state senator is a state office.[3]

## II. Indispensable Parties

Willis next asserts that the circuit court erred in finding that the Secretary of State and the State Democratic Party are necessary and indispensable parties to this lawsuit. We agree with Willis that he was not required to name either party as a party-defendant in order to withstand a motion to dismiss.

We begin by noting that the right to contest an election is purely statutory. *See, e.g., Pederson v. Stracener*, 354 Ark. 716, 128 S.W.3d 818 (2003). This court has previously recognized a distinction between two types of election cases provided for by statute: pre-election eligibility challenges and post-election elec-

---

[3] Crumbly's reliance on *obiter dicta* in *Weaver, supra*, is not persuasive. There, we noted that venue would have been appropriate only in Pulaski County when a "state office" is involved. We did not hold that the office of state representative is a state office. We did cite Arkansas Code Annotated § 16-60-103(3) (Repl. 2005), for the proposition that actions against state officers regarding their official acts must be brought in Pulaski County.

tion contests. The pre-election challenges typically involve a question of a candidate's eligibility, such as residency in the district for the office sought, which must be raised prior to an election, but which involves a candidate's eligibility to be included on the ballot. *See, e.g., Valley v. Bogard*, 342 Ark. 336, 28 S.W.3d 269 (2000). Post-election contests typically involve issues like voter fraud, which are raised after the election due to something that occurred during the election itself. *See, e.g., Womack v. Foster*, 340 Ark. 124, 8 S.W.3d 854 (2000).

### a. Pre-Election Eligibility Challenge.

In *State v. Craighead County Board of Election Commissioners*, 300 Ark. 405, 779 S.W.2d 169 (1989), this court explained the procedure for challenging a candidate's eligibility to be on the ballot. That cause of action, we said, derives from Arkansas Code Annotated § 7-5-207(b). In *Craighead County Board of Election Commissioners*, the challenge was to a candidate's residency, and we held that before the election "an action for mandamus and declaratory relief is the proper method of enforcing the right set out in Ark. Code Ann. § 7-5-207(b), which prohibits the inclusion of an ineligible candidate on an election ballot." 300 Ark. at 412, 779 S.W.2d at 173; *see also Tumey v. Daniels*, 359 Ark. 256, 260, 196 S.W.3d 479, 482 (2004) (stating that "[s]ection 7-5-107(b) provides a means for a voter to raise a pre-election attack on a candidate's eligibility to stand for election and for removal of that ineligible candidate's name from the ballot").

### b. Post-Election Election Contest.

Additionally, an election contest brought post-election is specifically recognized in the Election Code as pertaining to matters like voter fraud. *See* Ark. Code Ann. § 7-5-801(a) (Repl. 2000) (stating that "[a] right of action is conferred on any candidate to contest the certification of nomination or the certificate of vote as made by the appropriate officials in any election"); *see also Valley v. Bogard, supra* (stating that § 7-5-801 sets out the procedure that pertains to election contests "*after* the election," though that was not what was involved in the *Valley* case); *Tumey*, 359 Ark. at 260, 196 S.W.3d at 482 (noting that "[a]n election contest under section 7-5-801 may be instituted by a competing candidate after either a primary or general election").

It is clear that where a candidate files a pre-election eligibility case, the offices of Secretary of State and the state political party are necessary and indispensable parties and must be joined

pursuant to Rule 19 of the Arkansas Rules of Civil Procedure. That is because complete relief cannot be afforded to the parties in a pre-election eligibility case without the inclusion of those parties. The Secretary of State's and the state political party's involvement in the certification-of-nominations process is explained by the relevant statute:

> (a) The county board of election commissioners shall certify the nomination of all county, township, and municipal offices to the county committee of the political party, state committee of the political party, and county clerk. It shall further certify the vote of all candidates for United States, state, and district office to the state committee and the Secretary of State.

> (b) The Secretary of State shall receive the returns from the county board of election commissioners and canvass and certify the result thereof as provided by law. The boards or their officers shall, when ordered by a circuit court as provided by law, annul the certifications made and make certifications in accordance with the judgment of the circuit court.

Ark. Code Ann. § 7-7-401(a)-(b) (Supp. 2005).[4]

After the nominations are certified by the Secretary of State and the election is held, candidates may bring lawsuits to contest the election based on voter fraud, among other grounds, pursuant to § 7-5-801. That statute provides, in pertinent part:

> (a) A right of action is conferred on any candidate to contest the certification of nomination or the certificate of vote as made by the appropriate officials in any election.

> (b) The action shall be brought in the circuit court of the county in which the certification of nomination or certificate of

---

[4] The issue in *Willis v. Circuit Court of Phillips County*, 342 Ark. 128, 27 S.W.3d 372 (2000) (*per curiam*), which was relied on by the St. Francis County Circuit Court, was whether Valley was eligible to run for the House of Representatives when he had not satisfied the residency requirements. The Pulaski County Circuit Court determined he was ineligible before the primary election, and we affirmed. *See Valley v. Bogard, supra.* Valley then petitioned for a declaratory judgment and *mandamus* in Phillips County after the primary election. We granted Willis's petition for a writ of prohibition because the Secretary of State had not been joined as a party and was indispensable. The proper venue, we said, was Pulaski County. *Willis* was an eligibility case and not an election-contest case based on voter fraud.

vote is made when a county or city or township office, including the office of county delegate or county committeeman, is involved, and, except as provided in this subchapter, within any county in the circuit or district wherein any of the wrongful acts occurred when any circuit or district office is involved, and, except as provided in this subchapter, in the Pulaski County Circuit Court when the Office of United States Senator or any state office is involved.

Ark. Code Ann. § 7-5-801(a)-(b) (Repl. 2000).

Thus, the proper venue for a post-election, election contest depends, in part, on the type of office that the candidate bringing the action is seeking. For example, if the plaintiff in an election-contest case is a candidate for a district office, then he or she would bring the lawsuit "in any county in the circuit or district wherein any of the wrongful acts occurred." Ark. Code Ann. § 7-5-801(b) (Repl. 2000). A plaintiff in an election-contest case who is, however, a candidate for a state office is required to bring the lawsuit in the Pulaski County Circuit Court. *See id.* Section 7-5-801(b) does not require that the plaintiff in an election-contest case include the Secretary of State or state political parties as parties to the action. *See, e.g., Tate-Smith v. Cupples,* 355 Ark. 230, 134 S.W.3d 535 (2003); *Womack v. Foster, supra.* Rather, § 7-5-804(c) of the Election Code empowers the circuit court to issue a writ of *mandamus* in an election-contest case "to the officers of political parties and election officials, or both, or the Secretary of State" in order to "enforce the proper certification and proper ballot in accordance with the judgment of the court." Ark. Code Ann. § 7-5-804(c) (Repl. 2000). Thus, this *mandamus* authority eliminates the need to join the Secretary of State or state political parties as parties to a post-election contest. Accordingly, an election contest need not be filed in Pulaski County Circuit Court unless the disputed election is one for a state office.

 We hold that this action is an election contest based on alleged irregularities that occurred during the election itself in St. Francis County. It is not a pre-election eligibility case. It is clear to this court that Willis challenged the election based on voter fraud, among other things. As explained above, it is not required that Willis join the Secretary of State or the State Democratic Party as parties defendant. *See* Ark. Code Ann. § 7-5-801. Further, the venue for this case is proper in St. Francis County, as that is the county within the circuit or district where the alleged wrongful acts occurred. *See id.* We reverse the St.

Francis County Circuit Court's order that the Secretary of State and the State Democratic Committee are necessary and indispensable parties and remand this case to that court for further proceedings.

Reversed and remanded.

GLAZE and DICKEY, JJ., concur.

TOM GLAZE, Justice, concurring. This case, *Willis v. Crumbly*, 368 Ark. 5, 242 S.W.3d 600 (2006), from St. Francis County, and *Simes v. Crumbly*, 368 Ark. 1, 242 S.W.3d 610 (2006), from Pulaski County, also handed down today, raise the same two overarching issues: (1) Does Ark. Code Ann. § 7-5-801 apply in these cases? And, (2) if so, is the state senate position a state office or a district office (which in turn determines which venue is proper)? For clarity's sake, I write separately because the conclusion reached by this court is more logically addressed in one opinion, rather than two. I also write because these two election-contest cases are the first this court has reached where the court actually explained the procedure to follow when an election has been riddled with allegations of voter fraud and irregularities. Most post-election-contest appeals have been dismissed because parties have failed to follow statutory procedures and were untimely in following those restrictive measures. The *Willis* case, in particular, sets out a road map on how a candidate shall proceed where election fraud or "wrongful acts" have occurred. While election-contest actions may be difficult because election deadlines are hard to meet, such cases are not impossible. In these two appeals handed down today, this court has taken a bold step in explaining how attorneys and parties should proceed to purge elections that may be tainted with fraud and unlawful acts.

These two appeals concern three men who ran as candidates for the office of State Senate, District 16. That Senate District has four counties (Phillips, Lee, St. Francis and Crittenden). At the preferential primary held on May 23, 2006, no candidate received a majority of the votes cast, so Willis and Crumbly were declared the top two winners, pursuant to Ark. Code Ann. § 7-7-304(a)(2) (Supp. 2005). These two candidates' names were printed on the general primary election ballots for the June 13, 2006 election. Simes contested the election results and filed his complaint in Pulaski County, challenging only the vote tally in Phillips County. Crumbly was declared the winner in the general primary (run-off) election by seventy-eight votes. Willis then filed an

election contest in the St. Francis County Circuit Court of the June 13 general primary (run-off) election. He challenged the results from only one county, St. Francis.

In the Simes election-contest suit in Pulaski County, Crumbly filed a motion to dismiss, claiming the Pulaski County Circuit Court did not have authority to hear and decide Simes's suit challenging the Phillips County votes under Ark. Code Ann. § 7-5-801 (Repl. 2000). The defendants, State Board of Election Commissioners and the Secretary of State, also moved to dismiss for the same reason. The Pulaski County Circuit Court held that actions needed to be taken by the Secretary of State and the Democratic Party under Ark. Code Ann. § 7-7-401 (Supp. 2005), claiming they were necessary and indispensable parties. Because Simes's complaint did not name those parties, the Pulaski County Circuit Court concluded that it did not have a justiciable cause of action before it. This ruling also went against Willis because he also was a party in Simes's suit. On August 17, 2006, the Pulaski County Circuit Court heard the matter and dismissed the suit and denied Simes's motion for default judgment, which alleged the defendants had filed a motion to dismiss but failed to file a timely answer. An order was entered August 22, 2006, and Simes filed a notice of appeal on August 28, 2006.

The Willis election contest in Judge L.T. Simes's court in St. Francis County was heard on September 19, 2006. The judge dismissed Willis's suit, relying on the case of *Willis v. Circuit Court of Phillips County*, 342 Ark. 128, 27 S.W.3d 372 (2000) (*per curiam*). On September 22, 2006, the judge entered another order ruling on an issue of law. For purposes of § 7-5-801, he found that a "district office is a state office." On October 4, 2006, the judge entered a third order, adding that he also relied on § 7-7-401(a). Willis filed his notice of appeal on October 4, 2006, the same day that Judge L.T. Simes entered his third order.

As stated earlier, two overarching issues are presented in these two appeals: (1) Does § 7-5-801 apply in these cases? And, (2) if so, is the state senate position a state office or a district office (which in turn determines which venue is proper)? We begin with the first issue: Does § 7-5-801 apply? The issues relevant in these appeals can best be understood and resolved by reviewing the two different procedures by which candidates can contest an election: (1) pre-election challenges (eligibility challenges) that are brought pursuant to Ark. Code Ann. § 7-5-207 (Repl. 2000) (see *State v. Craighead County Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d

169 (1989)), and (2) post-election challenges (fraud or wrongful-acts challenges) that are brought pursuant to Ark. Code Ann. § 7-5-801.

In § 7-5-207 (eligibility) challenges, our case law clearly mandates that the Secretary of State be included as a necessary party because, under § 7-7-401, the Secretary of State must certify the results. *See* § 7-7-401(b); *see also Willis v. Circuit Court of Phillips County*, *supra*, and *Valley v. Bogard*, 342 Ark. 336, 28 S.W.3d 269 (2000). Thus, in §§ 7-5-207/ 7-7-401 challenges, the Secretary of State is an indispensable party. Further, because a state officer is being sued in such cases, the election contest must be brought in Pulaski County Circuit Court. Ark. Code Ann. § 16-60-103(3) (Repl. 2005); *Willis v. Circuit Court of Phillips County, supra.*[1]

However, in § 7-5-801 (post-election fraud) challenges, the Secretary of State is not a necessary party because, under Ark. Code Ann. § 7-5-801(d), the Secretary of State's role in a "post-election challenge" has already been completed. Specifically, § 7-5-801(d) states, "The complaint shall be verified by the affidavit of the contestant to the effect that he believes the statements to be true and shall be filed within twenty (20) days *of the certification* complained of." (Emphasis added.) From the plain language of this section, it is clear that the Secretary of State's certification process has already been completed at the time the post-election challenge is made. That is, the certification has already occurred, and it is not necessary to include the Secretary of State as a party in order to afford the plaintiff relief. If there were any doubt concerning this point, § 7-5-804(c) is actually premised on the assumption that the Secretary of State is not a party in the election contest; that section establishes mandamus as the procedure to enforce the proper certification in accordance with the circuit court's judgment.

---

[1] Notably, the *Willis* case is confusing. At first glance, it appears to be a *post*-election case because the original action (J.F. Valley's filing a declaratory judgment and writ of mandamus with this court) was filed *after* the primary election. However, upon examining the *nature* of the action, it is clear that the challenge in that case was to Valley's *eligibility* to run for that office — an issue which is a pre-election issue (i.e., Valley requested that we declare him the winner because he was eligible to hold the office, and he received a majority of the votes.). While it is arguable that we *should* have held in that case that Valley untimely filed the declaratory judgment and mandamus action (because he filed after the primary election), it is undisputable that the nature of the action in that case presented a "pre-election issue," making the *Willis* case and its holding inapposite in the present "post-election" challenges now before us.

Stated simply, in the two instant cases, filed under § 7-5-801, the Secretary of State is not a necessary party.

The *Willis* and *Simes* appeals are post-election actions challenging the final vote tallies; such actions are authorized under § 7-5-801, which allows a candidate to contest wrongful acts that occurred during the election. Thus, in the *Simes*/Pulaski County case, the Pulaski County Circuit Court erred when it dismissed the action on the grounds that the Secretary of State had not been named a party. In other words, Willis's and Simes's election challenges were post-election cases, which do not call for the Secretary of State to be a party.[2]

Having determined that § 7-5-801 applies, the next question to be addressed involves the St. Francis County Circuit Court's determination as to where the action should be filed. Section 7-5-801(b) provides:

> The action *shall* be brought *in the circuit court . . . within any county in the circuit or district wherein any of the wrongful acts occurred when any circuit or district office is involved*, and, except as provided in this subchapter, in the Pulaski County Circuit Court when the Office of United States Senator or *any state office is involved*.

Ark. Code Ann. § 7-5-801(b) (emphasis added). As a general rule, § 7-5-801 *fixes* the *venue* for 801-post-election contests *in the circuit or district where the wrongful election acts occurred*. Certainly, this makes sense, because it is that district and county where the witnesses and election materials are largely located. As an express exception in the above-cited statute, an 801-post-election challenge must be made in the county where the wrongful acts occurred *unless* a state office is involved.

Here, the St. Francis County Circuit Court ruled that a state Senate office is a "state office" rather than a "district office." The St. Francis County Circuit Court's ruling was wrong. While the St. Francis County Circuit Court suggests that a state senator is a *state office*, it was clearly mistaken, and therefore a state senate race is not excepted from § 7-5-801 under paragraph (b). Article 5 § 4 of the Arkansas Constitution clearly provides that no person shall be a state senator unless he is a resident of the *district* from which he is chosen. Also, § 7-7-401(a) recognizes the difference between

---

[2] As suggested by Willis, any such interpretation requiring the Secretary of State in all election contests could be burdensome on that state office.

state officeholders elected at large and officeholders elected by state senators district-wide (noting that the county board of election commissioners is to certify the vote of all candidates "for United States, *state, and district* office").

Finally, as a last point, Ark. Code Ann. § 7-5-801(c) (Repl. 2000) provides that "if there are *two (2) or more counties in the district* where the action is brought and when fraud is alleged . . . the circuit court may hear testimony in *any* county *in the district.*" Ark. Code Ann. § 7-5-801(c) (emphasis added). Here, Willis contested only votes cast and counted in St. Francis County, so he properly filed his complaint in that county. Of course, if Willis and Simes had selected any one of the other three counties in senate district 16 to file their election contest, another circuit court could have been involved in finding venue in the case. In any set of circumstances, however, venue must be established in the district where the wrongful election acts are alleged to have occurred. *See* Ark. Code Ann. § 7-5-802(b).

In sum, the two appeals here involve post-election actions; such actions are authorized under § 7-5-801, which allows a candidate to contest wrongful acts that occurred during the election in the district where those alleged wrongful acts occurred, which is what happened in these cases. Consequently, in *Simes v. Crumbly, supra,* the Pulaski County Circuit Court erred in concluding that the Secretary of State and Democratic Party were indispensable parties in this post-election challenge. However, Pulaski County was not the proper venue for this post-election contest. It should have been filed in the venue where the wrongful acts alleged occurred. Because candidate Simes filed his post-election contest in Pulaski County Circuit Court, rather than Phillips County Circuit Court, we reverse and dismiss his suit. However, in this case, *Willis v. Crumbly, supra,* the St. Francis Circuit Court erred in relying on *Willis v. Phillips County Election Commission, supra,* to dismiss the suit, as that opinion's holding does not apply in a post-election challenge. Moreover, the St. Francis County Circuit Court also erred in concluding that the suit should have been filed in Pulaski County Circuit Court, as the state senate position is a district office and not a state office. Thus, we reverse and remand *Willis v. Crumbly, supra.*[3] Notably, if Crumbly should prevail in the St. Francis suit, he should be certified by the St.

---

[3] I note that Chief Justice Hannah's concurring opinion appears to affirm the Pulaski County Circuit Court, but it seems clear to me that the Pulaski County Circuit Court erred in holding that the Secretary of State and Democratic Party were necessary parties. However,

Francis Board of Election Commissioners as the district office-holder of Senate Position No. 16. The circuit court should enter a mandamus to the Secretary of State pursuant to § 7-5-804(c). If Willis fails in his suit, no further action is necessary.

DICKEY, J., joins.

---

Simes should have filed his election contest in Phillips County where venue was appropriate. He failed to file a timely complaint in that county.